BENJAMIN SHEFTS, BY HIS NEXT FRIEND, ET AL., APPELLANTS, v. JOHN J. FREE ET AL., RESPONDENTS.

Argued February 12, 1929—Decided May 20, 1929.

For the appellants, *Milberg & Milberg.*

For the respondents, *Edward Griffin.*

The opinion of the court was delivered by

BLACK, J. This suit was brought to recover damages for personal injuries. The infant plaintiff was injured while riding in a Ford delivery truck owned by the defendant Morris Gatkin. Negligence of the defendants is alleged. The trial resulted in a directed verdict in favor of the defendant Morris Gatkin. A voluntary nonsuit was taken by the plaintiffs as to the defendant John J. Free. The essential facts, which are not controverted, out of which the action grew, may be summarized as follows: Louis Gatkin was driving the Ford delivery truck for his father, the defendant Morris Gatkin, but this fact, *i. e.*, the relation of father and son, is immaterial in the legal aspect of the case. The legal relation was that of master and servant.

The defendant Morris Gatkin was engaged in the butter and egg business, residing at No. 477 Jersey avenue, Jersey City. He was the owner of the Ford commercial automobile used for the delivery of his goods. His son, Louis Gatkin, about eighteen years old at the time of the accident in question, was the chauffeur, making the deliveries and entrusted with the management of the automobile. The son was a member of his father's household, receiving in addition to his board about $7 per week.

On the evening of September 23d, 1925, the defendant told his son to take the car to the garage situated on Jersey avenue, between Railroad and Newark avenues, about four blocks from the house. On his way to the garage, the son proceeded to a drug store for medicine, located at Eighth and Grove streets, about ten blocks from the garage, passing the garage. After procuring the medicine he immediately drove along Coles street to the garage. At the intersection of Coles street and Newark avenue, on the return to the garage, a distance of about a block from the garage, the defendant's car

collided with another automobile, causing the injuries complained of.

The defendant's witness, Louis Gatkin, testified:

"I was on my way to the garage but I didn't feel like walking to Eighth street for my medicine so I thought I would drive over" * * *.

"Q. You wanted to take this trip to the drug store and then go to the garage? A. Yes, sir."

"Q. You wanted to get that medicine before you went to the garage, is that right? A. Yes, sir."

The trial of the case resulted in a directed verdict in favor of the defendant Morris Gatkin on the ground that the servant Louis Gatkin was engaged in an employment totally disconnected from that of his employer. This is so, from the time he reached the garage to which he was to take the commercial automobile—from that moment, he was engaged in an occupation upon his own behalf, entirely disconnected from that of his employer. His use of the car was at the time of the accident his own use. The relation of master and servant was thereby terminated. An exception was noted to the ruling of the trial court. This is made the sole ground of appeal. We think the ruling of the trial court must be affirmed. The case of *Okin* v. *Essex Sales Co.,* 103 *N. J. L.* 217; *affirmed,* 104 *Id.* 181, is directly in point. In that case, the servant had gone beyond the place of his errand for the master, when the accident occurred. The direction of a verdict for the defendant was sustained by the Supreme Court and affirmed in this court. The cases in our reports on this troublesome question are cited in that case in the opinion of the Supreme Court, by Mr. Justice Trenchard. Another case in point in this court is that of *Cronecker* v. *Hall,* 92 *N. J. L.* 450. The case of *Jennings* v. *Okin,* 88 *Id.* 659, turned upon a question of evidence. The cases of *Ferris* v. *McArdle,* 92 *Id.* 580, and *Dunne* v. *Hely,* 104 *Id.* 84, are distinguished. Questions of fact to be determined by the jury were involved in those cases.

Finding no error in the record, the judgment of the Hudson County Circuit Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.