HELMUTH ROBERTS v. MICHAEL VACCA AND LOUIS VACCA.

Argued January 17, 1929—Decided October 14, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff, *Aaron L. Simon.*

For the defendant, *William E. Holmwood.*

PER CURIAM.

The plaintiff has a verdict of $35,000 as against both defendants as damages for physical injuries sustained on the night of February 12th, 1928, as a result of being struck by an automobile belonging to the defendant Michael and driven by the defendant Louis.

The verdict is attacked as against the weight of evidence, as excessive and as erroneous, because the judge, as claimed, erred in not directing a verdict in favor of the father.

As to the defendant Louis it is not claimed that the verdict was against the weight of evidence with respect to his negligence. However, a short statement of facts will not be out of place. The plaintiff had been driving his own car, with a young woman friend as a passenger, and at some place in the borough of Totowa the vacuum tank under the hood failed to function. Roberts ran his car over to the side of the road as far as practicable in view of the fact that it was winter and the earthen shoulders were muddy and difficult. He raised the hood and located the difficulty and then went and got a bottle which he filled with gasoline, and was in the act of filling up this vacuum tank when defendants' automobile, driven by Louis, and occupied by another young man and three young women, came from behind and so close to Roberts' car as to strike Roberts and severely injure him.

As to the general liability of Louis, no point is now made except that the verdict is excessive and, on due consideration, we conclude that it was. It is true that the plaintiff sustained a number of injuries more or less serious, the most severe of which at the present time seems to be a nose so badly injured that, if the evidence for the plaintiff is to believed, he is almost deprived of nose breathing. In addition to this, the scars on his face are a very humiliating disfigurement. Making allowance for the fact pointed out by defendants' counsel that none of the physicians or surgeons that attended the plaintiff was called as a witness, but that all medical evidence was that of specially employed experts, nevertheless we think that a very substantial verdict was proper, but that $35,000 is obviously excessive. With respect to Louis, if the plaintiff will consent to a reduction of the verdict to $20,000, the rule to show cause will be discharged, otherwise it will be made absolute in the matter of damages only.

The question with regard to the father Michael stands on a somewhat different footing. The claim here made is that at the time of the accident Louis had so deviated from any employment of his father that the latter should not be held responsible for his acts on the principle of master and servant. It was admitted in the case that Louis habitually drove Michael's car for him and that no one else did. The evidence seemed to show that both had been out that night visiting friends or relatives and that somewhere in the neighborhood lived the three young women. The evidence is plain, and is not seriously disputed, that Michael told Louis to go and get the girls. All the parties lived in Paterson. As we read the evidence, it is plain that the instructions of Michael to Louis were to go and get the young women and take them home. To do this the Vacca car should have proceeded to the northeast. The evidence further shows that when the three young women were loaded into the car some one suggested, and Louis agreed, that they should all go for a little ride before going home, and thereupon this car being driven by Louis, with the three young women and the other young man, started off toward the southwest in precisely the opposite di-

rection. We are asked to hold that for this reason the court should have directed a verdict in favor of Michael. We are not so clear about the facts as to accede to that proposition, but we are clear that the great weight of evidence indicates that Louis, taking this party for a night ride instead of taking them home, was acting contrary to the instructions given him. The case, therefore, seems to come within the rule of *Jennings* v. *Okin*, 88 *N. J. L.* 659; *Shefts* v. *Free*, 146 *Atl. Rep.* 185; 7 *N. J. Adv. R.* 763, and *Wilson* v. *Mason*, 7 *Id.* 1049. As to Michael, therefore, the rule to show cause will be made absolute.