WILLIAM E. MATHIS, PLAINTIFF, v. THE HIRSCH COMPOUND ROOFING COMPANY, DEFENDANT.

Submitted May 18, 1930—Decided March 5, 1931.

Before Justices CASE, DALY and DONGES.

For the rule, *Ralph N. Kellam.*

*Contra, William I. Garrison.*

PER CURIAM.

This is defendant's rule to show cause reviewing a verdict of a jury in favor of the plaintiff returned at the Atlantic Circuit. The sole question to be determined in this case is whether the defendant. owner of the truck involved in the collision, can be held on the doctrine of *respondeat superior.*

It is admitted that the defendant owned the truck and it is admitted that it was being operated by one of its employes at the time of the accident. Defendant asserts and produces two witnesses to testify that one Greene, vice-president and general manager of the defendant company, instructed the driver, Albright (who was injured and died from such injuries received in this collision), and Mr. Harris, superintendent of the application of roofing materials, to go to Ocean City and Atlantic City and do certain work; and Greene and Harris testified that the instructions given were that, after the work was done at a place on the boardwalk, the two servants were to return immediately to Philadelphia by way of Pleasantville, Absecon and the White Horse Pike. Admittedly this collision occurred at New Gretna, which is some eleven or twelve miles from Absecon and not on the White Horse Pike, but on the road that leads from Absecon to New York.

Plaintiff endeavors to answer this allegation of deviation on the part of the servants by saying that the New Gretna road could be used to go to Philadelphia. Admittedly, however, it was not the direct route, nor was it the one designated by the master to be pursued. The testimony of Harris is that Albright and Harris concluded for reasons of their own to go up this road and not to return by the direct and designated route from Absecon to Philadelphia.

It seems to us that this case falls squarely within the rule laid down in *Okin* v. *Essex Sales Co.*, 103 *N. J. L.* 217; affirmed, 104 *Id.* 181; and *Shefts* v. *Free*, 146 *Atl. Rep.* 185; in which the Court of Errors and Appeals held that where there is uncontradicted proof that the driver of the vehicle had disobeyed his employer's instructions and deviated from the business he was directed to pursue, his use of the vehicle was his own use and the relation of master and servant was thereby terminated, and therefore a direction of a verdict for defendant was held proper. As was said in Shefts *v*. Free:

"From the time he reached the garage to which he was to take the commercial automobile—from that moment he was engaged in an occupation upon his own behalf entirely

disconnected from that of his employer. His use of the car was at the time of the accident his own use. The relation of master and servant was thereby terminated."

We think, therefore, that the court should have directed a verdict. The rule to show cause will be made absolute.