MENDEL GROSSBART v. MENDEL SAMUEL ET AL.

Argued June 6, 1900—Decided November 12, 1900.

Where, in an action for assault, it appeared that one of the defendants was an employe of the co-partnership defendants, and that he was engaged in the business of his employment at the time of the assault, and one of the firm was actually present and encouraging him to commit the assault—*Held*, that a nonsuit was properly refused.

In tort. On error to the Essex Circuit.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff, *Philip Lowy* and *Thomas H. Anderson.*

For the defendants, *Albert C. Pedrick* and *Robert H. Mc-Carter.*

Memorandum by

FORT, J.   The suit in this case was to recover damages for an assault committed upon the plaintiff by George M. Dicker, one of the defendants, who was an employe of the other defendants, who were co-partners engaged in business in the city of Newark and upon whose premises the assault occurred.

The assignments of error are nine in number, and are founded upon the refusal of the trial judge to nonsuit the

plaintiff and to charge certain requests made by the defendants' counsel. The ground of the motion to nonsuit was, "That there is not evidence on the part of the plaintiff sufficient to show that Mr. Dicker, who is not a member of the firm of M. Samuel & Sons, was an employe at the time of this occurrence."

A careful examination of the evidence shows that in refusing the nonsuit the court was clearly right. There was not only evidence from which the jury might find that Dicker was an employe of the said co-partnership defendants and that he was engaged in the business of his employment at the time that the injury was committed, but that one of the firm of the defendants was actually present at the time of the assault and encouraged Dicker while in the very act of committing it, by urging him on and saying to him, "Give him, give him, so he will keep his mouth shut." *Brokaw* v. *New Jersey Railroad Co.*, 3 *Vroom* 328, 331.

The charge of the court accurately and fully stated the law and included the substance of the requests for the defendants in so far as they were entitled to have them charged.

We find no error, and the judgment is affirmed.