MARTHA L. MOORE ET AL., DEFENDANTS IN ERROR,
v. CAMDEN AND TRENTON RAILWAY COMPANY,
PLAINTIFF IN ERROR.

Argued December 7, 1905—Decided June 18, 1906.

1. When a trolley company has laid down its railway in the streets
   of a city and has obtained by petition from the governing body
   an ordinance granting such a right, and fixing the route of the
   road and the places where the poles are to be located, according
   to a map accompanying said petition, pursuant to the Street
   Railway act of 1896 (*Pamph. L., p.* 29), it cannot afterwards
   lawfully place or erect its poles at places in the street different
   from those so designated.
2. If it locate one of its said poles in the street at a place upon
   land not thus fixed and designated, and without the authority of
   the owner of the fee thereof, it becomes a trespasser, and the
   owner may have relief by an action of ejectment to recover pos-
   session of the land thus occupied by the pole, such possession to
   be afterwards held subject to the public easement.

On error to the Supreme Court.

For the plaintiff in error, *Linton Satterthwait.*

For the defendant in error, *Edwin Robert Walker.*

The opinion of the court was delivered by

HENDRICKSON, J.   This writ brings up for review a judg-
ment entered upon a *postea* signed at the Mercer Circuit.
Martha L. Moore brought ejectment against the Camden and
Trenton Railway Company to recover the possession of a cir-
cular tract of land at the southeast corner of Grand and Beatty
streets, in the city of Trenton, with a diameter of six inches,
more or less, on which a steel pole of the defendant was
erected as part of the trolley system of the defendant in oper-
ation in said city.

The facts, which are undisputed, show that the defendant
company was rightfully in the street by virtue of an ordi-
nance of the city of Trenton enacted pursuant to the act of

the legislature known as the Street Railroad act, approved April 21st, 1896. *Pamph. L., p.* 329. As one of the regulations upon the street railway seeking a municipal ordinance granting permission to construct, maintain and operate the street railway, the applicant is required by said act to accompany its petition with a map or description of the route of the proposed railway, showing also the proposed location of rails or tracks and the location of the poles or conduits. In pursuance of the authority thus granted, the city ordinance required the defendant to locate its poles at such places in said streets as shown upon said map or route of said railway. The proofs show in this case that the pole in controversy was not located as shown by said map, to wit, at the northeast corner of Grand and Beatty streets, but at the southeast corner of said streets. The plaintiff's contention was and is that the pole in question was and is upon the plaintiff's land without authority of law, and that her suit must prevail. The defendant company, however, contended below, and contends here, that the plaintiff's contention is without merit; that the plaintiff had not shown any right of exclusive possession as against the defendant; that she had no right in the *locus in quo* as against the public right in the street of which it is a part; that the defendant's occupancy was only so far as necessary in the operation of the public easement of travel pursuant to a lawful grant of the city, and that for the exercise of a mere easement ejectment will not lie. These points were raised by motions to nonsuit and to direct a verdict for the defendant, which motions were refused by the learned trial judge, who did direct, however, a verdict for the plaintiff. To these rulings exception was taken and allowed, and error has been duly assigned thereon.

In support of his exceptions the defendant's position before us is, briefly stated, that the plaintiff has no rights in the *locus in quo* as against the defendant, which was occupying it in the operation of the public easement of travel, and that the use of the *locus in quo* by the defendant was a mere easement—a franchise—for which ejectment will not lie; that if any wrong resulted from mislocation of the pole it

was to the public only, and the question was between the defendant and the public corporation only. This position, it seems to us, cannot be maintained upon principle or authority.

Undeniably the plaintiff was the owner of the fee of the land in question, and the doctrine that the owner of the soil in a street may maintain ejectment against any person wrongfully taking or claiming exclusive possession of the same was reaffirmed by this court in the carefully considered case of *French* v. *Robb, 38 Vroom* 260, citing, among others, *Wright* v. *Carter, 3 Dutcher* 76. In this case Robb was sustained as against action by the owner for the ground occupied by the pole used by him in executing a contract with the city for public lighting, but for the portion about the pole claimed by him as necessary for his use in maintaining the pole the defence failed. The same doctrine was sustained by this court in *Bork* v. *United New Jersey Railroad and Canal Co., 41 Vroom* 268. The defendant here seeks to distinguish its position from that of the defendants in the cases cited. His theory is that the defendant was in fact in the rightful occupancy of plaintiff's land by its pole in the lawful exercise of its easement, when plainly it was not. By virtue of the ordinance, which it duly accepted and which followed in its terms the legislative act, it located the pole in question, but in a part of the street and in a place not authorized thereby, and in this manner became an intruder upon the plaintiff's land. The result is that there was no error in the rulings under discussion.

We have examined the other assignments of error, but finding no substance therein, the result is that the judgment below must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON. FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL. 14.

*For reversal*—None.