MARTHA L. MOORE ET AL., PLAINTIFFS AND DEFEND-
ANTS IN ERROR, v. CAMDEN AND TRENTON RAILWAY
COMPANY ET AL., DEFENDANTS AND PLAINTIFFS IN
ERROR.

Argued July 13, 1906—Decided March 4, 1907.

In a suit brought against a construction company for assaults com-
mitted by its employes upon the plaintiff, upon whose lands,
fronting a city street, the company was engaged in erecting,
without her consent, a trolley pole for a street railway then in
course of construction, it appeared at the trial that the erection
of such pole upon plaintiff's premises was an illegal act, and that
the employes of defendant company, while so engaged, under the
direction of its engineer, formed a circle about the place where
the pole was to be set up, to protect those engaged in the excava-
tion, and that when plaintiff attempted to go through the circle,
in order to prevent the digging and tearing up of her pavement,
she was resisted by the men in line, who struck, pushed or jostled
her in such a way as to cause hurts and bruises upon her person.
The trial judge charged, among other things, that the placing of
the pole on plaintiff's land was an illegal act; that plaintiff did
what she had a right to do if she saw fit, to try to use sufficient
physical force to prevent the trespass; that the mere placing of
hands upon plaintiff gave her a right to a verdict, but for nominal
damages merely, if no injuries resulted. Upon review, held—
(1) That under the evidence the defendant company was liable
for these acts of its employes, as being within the scope of their
employment.
(2) That this result was not defeated because it was testified by
one of the employes that in laying his hands upon the plaintiff it
was done with humane purpose only, to save her from impending
danger, the principle being that what is essentially a trespass
cannot become lawful because having been done with good intent.

On error to the Supreme Court.

For the plaintiffs in error, *Linton Satterthwait*.

For the defendants in error, *Edwin Robert Walker*.

The opinion of the court was delivered by

HENDRICKSON, J.  This was an action of tort brought by a
husband and wife for certain assaults and batteries alleged to

have been inflicted upon the wife by the defendant railway company, its agents and servants while engaged in erecting a trolley pole upon her land and premises at or near the corner of Grand and Beatty streets, in the city of Trenton. The trial judge directed a nonsuit as to the defendant railway company and another, and a verdict for the plaintiff was directed against the Mercer Construction Company, an independent contractor, hereafter referred to as the defendant company, which was doing the work, leaving the amount of damages to be settled by the jury. A verdict was rendered for the plaintiffs and judgment entered thereon. The construction company brings error.

The assaults in question grew out of Mrs. Moore's effort to prevent the workmen of the defendant company from excavating and setting up the pole upon her land at a point in the sidewalk just inside of the curb. The workmen had formed a circle about the spot to prevent plaintiff's interference, and in her efforts to get through the line and to hold on to the pole while it was being raised, she received at the hands of the workmen the cuts and bruises complained of.

The alleged errors are assigned upon the charge to the jury. The particular portions of the charge to which exception was taken and allowed are the following: "The placing of a pole in front of Mrs. Moore's house was illegal." After alluding to the two courses open to plaintiff to bring suit or to resist when such act was threatened, the learned judge proceeded, "She did what she had a right to do—try to use sufficient physical force to prevent the trespass to her property by the placing of the pole and the pulling up of her pavement," and further, "The mere placing of hands upon her gives her the right to a verdict, but it will be for merely nominal damages, if no injuries resulted."

It was conceded in the argument that the maintenance of the exception to that part of the charge declaring that the erection of the pole at the place in question was an illegal act depended upon the determination of this court in the ejectment suit of Moore *v.* Camden and Trenton Railway Company, which had not then been announced. The decision in

that case upon the point alluded to was in favor of the plaintiff's contention and entirely supports the charge in that particular. *Moore* v. *Camden and Trenton Railway Co.,* 44 *Vroom* 599.

But it is further contended that there was error in thus withdrawing the case from the jury, because it did not conclusively appear that the physical injuries suffered by the plaintiff were committed by the defendant company's employes while acting within the scope of their employment and not committed by such employes willfully or of their own malice. But we think such an assumption is unauthorized. It was testified by Mr. Nelson, the engineer in charge of the work for the defendant company, that he received authority from the company to place the pole in front of plaintiff's house, and that the work was done in his presence and under his direction as such engineer of the company; that the men formed a compact circle and that the digging then proceeded inside of the circle; that the plaintiff then struggled to break through the circle thus formed, and that her efforts were resisted by the men in line so that she was unable to reach the inside until later, when some arrests had been made. The circumstances thus proven show unmistakably that the employes of the defendant company, at the time of the trespass complained of, were acting within the scope of their employment. *Brokaw* v. *New Jersey Railway and Traction Co. et al.,* 3 *Vroom* 328; 20 *Am. & Eng. Encycl. L.* (*2d ed.*) 170.

The evidence further shows without serious contradiction that the hurts and bruises complained of occurred to plaintiff at the hands of the defendant's employes while engaged in this unlawful trespass upon the plaintiff's close and the forcible exclusion of the plaintiff from that part of her pavement where she had a right to be. The trial judge carefully excluded from the jury any consideration of malice as entering into the tort complained of and confined the jury to compensation alone as the basis of damages.

It was further contended for the defendant that there was a jury question, because Hammell, one of the employes who took hold of plaintiff and removed her from the pole, which

she had embraced as it was being lowered, testified that he did so only as a humane act to keep her from being hurt. But, plainly, such a contention cannot prevail. He was only one of a number engaged in the unlawful assaults upon the plaintiff, and it is settled law that what is essentially a trespass cannot become lawful from having been done with good intention. It was so held by this court in *Bruch* v. *Carter,* 3 *Vroom* 554; 28 *Am. & Eng. Encycl. L.* (*2d ed.*) 556. See, also, *Slingerland* v. *Gillespie,* 41 *Vroom* 720.

Finding no error in the rulings excepted to, the result is that the judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, SWAYZE, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   13.

*For reversal*—None.