JOHN WENDELKEN, RESPONDENT, v. NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Submitted December 9, 1912—Decided March 4, 1913.

The office of general superintendent of a railroad corporation *held* to be executive in character, and his malicious acts as such *held*, under the circumstances of the case, the acts of the company so as to justify a verdict for punitive damages against the company.

On appeal, pursuant to the Practice act of 1912, from a judgment of the Supreme Court, affirming a judgment for plaintiff in the Hudson Circuit Court.

For the appellant, *Collins & Corbin.*

For the respondent, *Weller & Lichtenstein.*

The opinion of the court was delivered by

PARKER, J. The facts giving rise to this action, as the jury might have found them, and as for the most part conceded, will be found in the opinion in Wendelken *v.* Stone, decided at the present term and submitted with this case on the same brief. All questions arising in this case are disposed of in that opinion except the sole question of the responsibility of the defendant corporation in punitive damages by reason of the malicious acts of its servants under supervision of its general superintendent, named Stone. The Supreme Court

held that there was no error in permitting the jury, on this state of facts, to award punitive damages, and we concur in this view.

The rule is of course settled that a master cannot be held in punitive damages for the illegal, wanton or oppressive conduct of his servant unless he participated in the wrongful act of the servant, either expressly or impliedly, by conduct authorizing or approving it, either before or after it was committed. *Fohrman* v. *Consolidated Traction Co.,* 63 *N. J. L.* 391; *Petersen* v. *Traction Co.,* 71 *Id.* 296; *Shallcross* v. *West Jersey Railroad Co.,* 75 *Id.* 395.

Hence, when it is sought to hold a master in such a case, the question arises as to what proof is sufficient to justify a jury in finding that the master expressly or impliedly participated in the wrong; and the resolution of this in cases where the master is a corporation is a matter of some difficulty. But in cases where the act is done or authorized or commanded by one or more officers of the corporation so high in authority as to be fairly considered executive in character, the corporation has been held responsible for their action on a theory akin to that of general agency. So in *Hoboken Printing Co.* v. *Kahn,* 59 *N. J. L.* 218, the acts were those of the managing editor of a newspaper; in *Carey* v. *D. Wolff & Co.,* 72 *Id.* 510, the president and general manager were concerned. In the case at bar, Stone, as the general superintendent, was, as appears in the opinion in Wendelken v. Stone, the directing spirit of the entire raid. The orders for the taking up of the track were issued by his direction; he was on the ground supervising the actions of the subordinates, including the railroad police and laborers, and it was quite proper for the jury to find that all that was done there was chargeable to him. That he was acting on behalf of the company and as its representative is too clear for discussion, and it is not pretended but that the company was properly held in compensatory damages by reason of the acts supervised and directed by him, nor but that the imprisoning of these men was a willful tort without shadow of

cause or excuse and consequently legally malicious. "The principle," says Mr. Thompson, in his work on Corporations, section 5521, "is generally accepted that a corporation may, to the same extent as a natural person, be liable in exemplary damages for a tort committed wantonly and oppressively or with gross negligence in the business of the corporation by a servant of the corporation within the scope of his employment, and the act is such an act as would subject the servant to exemplary damages if he had been sued as a principal." Our own decisions do not go to this length, but seem to distinguish between the act of a subordinate servant, for which exemplary damages may not be recovered unless express or implied authority or ratification can be brought home to the corporation itself, and the tortious act of an executive which by reason of his executive character will be presumed if within the scope of his general duties, to be the act of the company itself. So without going to the length indicated by the learned author in the foregoing quotation, we think it sufficient for the purpose of this case to adopt the language of the Supreme Court memorandum, holding that Stone was "on the occasion of the arrest the representative of the company, and his action in impliedly approving the conduct of his subordinates in arresting the plaintiff and confining him in the freight car, was the action of the company, and rendered the company liable to respond in punitive damages for the malicious and wanton act of the railroad detectives."

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ.    10.

*For reversal*—None.