FRANK VITOLO, PLAINTIFF-RESPONDENT, v. NICOTERA LOAN COMPANY, A CORPORATION; JAMES CAPISTA AND CARMEN COMITO, DEFENDANTS-APPELLANTS.

Submitted January 29, 1932—Decided May 2, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellants, *Samuel I. Kessler.*

For the respondent, *Harry Kalisch.*

PER CURIAM.

There are six grounds of appeal. Taking them up in reverse order, the sixth is that the verdict is against the weight of evidence. It is familiar law that weight of evidence is not considered on an appeal at law. The fifth reproduces entire a supplemental charge of the court taking up over a page of the printed book, and stating a number of different propositions. It is also (or should be) familiar law that where part of a charge thus challenged in bulk contains several propositions of law, a reversal cannot be had unless they are all erroneous: and a glance shows that probably all, and certainly most of them were correct. Moreover, the exception was "to the supplemental charge of the court," and failed to direct the judge's attention to anything which counsel deemed erroneous. It is settled beyond peradventure that such an exception is futile.

The fourth ground is that the court refused to charge defendant's request No. 1. The court at first did refuse, and after counsel had excepted, charged it.

The third ground bringing up two rulings on admission of testimony, is not argued.

The first and second grounds are all that remain. They relate to the refusal of the court to nonsuit, and to direct a verdict for defendant.

The plaintiff claimed damages for an assault and battery and joined the Nicotera Loan Company, James Capista and Carmen Comito as defendants. There was a verdict and judgment against all of them, and all appeal: but as to Capista we find nothing argued except weight of evidence and perhaps other matters already discarded as not properly raised. The first and second grounds relate only to Comito

and the loan company. The judgment as to Capista is therefore affirmed.

The plaintiff's case was substantially this: The loan company was engaged in. the "small loan" business and had lent money to some friend of the plaintiff on a note endorsed by plaintiff. The note was not paid, and the company sued plaintiff and recovered judgment for $36.40 and costs. Plaintiff paid $15 on account and as he claimed under an arrangement with the company through its officers the individual defendants, that he was to. have time to locate the maker of the note and compel him to pay his own debt. A few days later, plaintiff learned that his bank balance had been levied upon under the judgment. He went to the office of the company to protest: found Comito who told him to come back later when Capista was there. He did return later and found them both. According to plaintiff's testimony, which we must accept for purposes of nonsuit or direction, he met them in the outer or front office devoted to customers and not inside the. partition separating the front and back offices. He made his protest, and "one word and another and [Capista] says 'you get out of here, this is the business office,' and he grabbed a paper cutter" and "wanted to stab me, and Mr. Comito tried to hold him back, and he pushed Comito and Comito pushed me and I hit the glass in front of the partition with my open hand: I fell and hit the partition." This, of course, is disputed: but we are not dealing with weight of evidence.

As to Comito, the evidence is somewhat tenuous but was for the jury. If plaintiff was ordered out, it was of course his duty to go, and in case of his refusal or undue delay, Capista and Comito were justified in using such force as was reasonably required to expel him. The question was whether unnecessary force was used; and that was for the jury, who could, as we think, properly say that he at first attempted to avoid violence but presently reversed his tactics and joined Capista in the pushing process. If so, they could also say that unnecessary force in that regard had been used. This would justify the court in leaving the case to the jury as against Comito.

As to the corporation, the testimony of Comito, sworn for the plaintiff, shows that he was its treasurer and Capista its secretary, and that between them they transacted all of its business. Hence they were something more than mere servants, and, as the jury might find, were acting in an executive capacity so that the corporation would be liable for their trespasses in that aspect. *Wendelken* v. *N. Y., S. & W. R. R. Co.*, 88 *N. J. L.* 270; 86 *Atl. Rep.* 377, and cases cited. On this phase we have not only the somewhat equivocal acts of Comito but the unequivocal act of Capista with pointed paper knife (called a stiletto at one point) and therefore conclude that the liability of the company was also a jury question.

The judgment will therefore be affirmed as to all of the appellants.