HAROLD SMITH, PLAINTIFF-RESPONDENT, v. (VINCENT BOSCO) AND LEO R. ISENTHAL, ISAAC H. SILVERMAN, JAMES H. GARTHWAITE, ARTHUR J. PURINTON, MEYER H. SILVERMAN, AND ALVIN W. FROM, STATUTORY TRUSTEES OF THE PLEASANTVILLE AND ATLANTIC TURNPIKE OR PLANK ROAD CO., DEFENDANTS-APPELLANTS.

Submitted February 14, 1941—Decided April 25, 1941.

For the plaintiff-respondent, *William M. Snyder* (*Herman J. Finn,* of counsel).

For the defendant-appellant, *George A. Bourgeois.*

The opinion of the court was delivered by

PORTER, J.  The judgment under review on this appeal was rendered in favor of the plaintiff in the amount of $2,750 against the defendant Vincent Bosco and the defendants, trustees under dissolution of the Pleasantville and Atlantic Turnpike or Plank Road Co. (hereinafter referred to as Turnpike Co.).  The case was tried before Judge Jayne and a jury in the Atlantic County Circuit Court.

The allegation of the plaintiff was that on August 5th, 1938, he parked his automobile truck on the approach to the turnpike toll bridge operated by the Turnpike Co., that Bosco acting within the scope of his employment by the Turnpike Co. ordered him to remove the truck and committed an

atrocious assault and battery on him causing personal injuries for which he asked damages.

The appeal is by the Turnpike Co. only. It appears from the testimony that the Turnpike Co. was the owner and operator of a turnpike road running from the Shore Road, Pleasantville to Florida avenue, Atlantic City; that it had a toll house at its bridge at the Atlantic City terminal and that Bosco was its only employe at that place, his employment being as bridge tender, having been hired to collect tolls and light lanterns and make minor repairs to the bridge. He lived with his family in the toll house. He had been so employed for about eight years before the alleged assault. It also appeared that he performed other duties in and about the premises. He repaired the road approaching the bridge, put up a "no parking" sign and policed the area by preventing automobiles from parking at the prohibited place and ejected drunken people from the premises. The parking of automobiles at that place interfered with the business of the Turnpike Co. by traffic and view interference.

The plaintiff lived near by. On the evening in question it was his purpose to go to his home for a short time and he parked his truck so that he could do so. As he got out of his truck the defendant Bosco told him not to park there and he replied that he would only remain for a few moments and as he alighted Bosco set his dogs on him. He reached into the truck and got a brick which he threw at the dogs. Bosco at that instant stabbed him in the back with a knife, blows were struck by each and the plaintiff received another cut from Bosco on the arm. Bosco did not take the stand and this outline recital does not seem to be in dispute.

The contention of the Turnpike Co., however, is that Bosco was only employed to collect tolls, light lanterns and to make minor repairs to the bridge. That his duties were not to police the property nor to control traffic and that it had no knowledge that he had been doing so nor that he had put up the "no parking" sign.

The issue, as far as the Turnpike Co. was concerned, was whether or not Bosco in policing the place by ordering the plaintiff to remove his truck was acting within the scope and authority of his employment.

At the conclusion of the testimony the defendant Turnpike Co. moved for a directed verdict in its favor on the ground that Bosco was not acting within the scope of his employment or authority in committing the acts complained of by the plaintiff and that it, therefore, was not responsible for his acts.

The denial by the trial court of this motion is the sole ground argued on this appeal as error.

We conclude that there was a jury question presented from the testimony and proper inference drawn therefrom as to whether or not Bosco committed the wrongful act while in the course of his employment and within the scope of authority either expressly or impliedly given him by the Turnpike Co. The ruling was not erroneous.

A master is responsible for the wrongful acts of his servant if done within the scope of his employment upon the express or implied authority given him considering the nature of the service required and the circumstances under which the act was committed. *Klitch* v. *Betts,* 89 *N. J. L.* 348; *Michael* v. *Southern Lumber Co., Inc.,* 101 *Id.* 1.

Whether the Turnpike Co. had expressly or impliedly given authority to Bosco to prevent parking, whether or not it authorized or knew of and acquiesced in his putting up the "no parking" sign and whether it was for its benefit in the proper discharge of his duties in collecting tolls that the approach to the bridge be kept clear of vehicles were all questions fairly raised and were for the consideration of the jury. Where the scope of the authority of an employe is a disputed question of fact the extent of the authority is ordinarily a question for the jury except where the departure from the master's business is of a marked and decided character. The facts in the instant case do not bring it within this exception. *Dierkes* v. *Hauxhurst Land Co.,* 80 *N. J. L.* 369; *Cleaves* v. *Yeskel,* 102 *Id.* 621.

From the proofs the jury could well have found under the clear and comprehensive charge of the court the facts to be that plaintiff's truck was parked at a place which interfered with the business of the Turnpike Co. and that it had impliedly authorized Bosco to prevent such parking.

The judgment is affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Colie, Dear, Wells, WolfsKeil, Rafferty, Hague, Thompson, JJ. 16.

*For reversal*—None.