EDITH FERRY, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOHN FERRY, DECEASED, PLAINTIFF-RESPONDENT, v. GEORGE SETTLE, FISCHER BAKING COMPANY, HANS SCHIRBER, CENTRAL GREYHOUND LINES, INC., OF NEW YORK, AND FRANCIS HEASLEY, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Reargued April 10, 1950—Decided April 26, 1950.

Before Judges McGeehan, Colie and Eastwood.

*Mr. George F. Lahey, Jr.,* argued the cause for appellants, Fischer Baking Company and Hans Schirber (*Messrs. Lahey & Gockeler,* attorneys).

*Mr. Augustus C. Studer, Jr.,* argued the cause for appellants, Central Greyhound Lines, Inc., and Francis Heasley (*Messrs. McCarter, English & Studer,* attorneys).

*Mr. Thomas L. Morrissey* argued the cause for respondent (*Messrs. Carpenter, Gilmour & Dwyer,* attorneys).

The opinion of the court was delivered by
Colie, J. A. D. The original appeal in this court was decided January 6, 1950, and is reported in 6 *N. J. Super.* 107. The facts are therein adequately set forth and need not be repeated. The appellants were Fischer Baking Company

and its driver,. Hans Schirber, Central Greyhound Lines, Inc., and its driver, Francis Heasley. In reversing the judgment against the four enumerated defendants, the court said: "Three grounds of appeal argued for a reversal are common to all .four defendants. They are (1) that the verdict was contrary to the greater weight of the evidence; (2) that the court erred in charging that 'the sudden emergency' doctrine was applicable to the defendants or any one of them; (3) that the court erred in refusing to charge the doctrine of contributory negligence. Fischer Baking Company and Hans Schirber also argue that the court erroneously permitted the defendant Heasley to testify to a statement of the defendant, Settle, that the accident was not the fault of either." The court found that the verdict was not against the weight of the evidence and that there was no error in the court's charge in the respects complained of, but reversed the judgment as to all defendants on a finding "that the admission of the hearsay statements of Settle constituted harmful error within the meaning of Rules 1:2–20 and· 4:2–6." Thereafter, the plaintiff petitioned for and was granted a rehearing which has now been had.

 At common law, a judgment against two defendants. jointly was an entirety and indivisible, and consequently there could not be a reversal in part and an affirmance in part. *Peterson v. Middlesex & Somerset Traction Co., 71 N. J. L. 296 (E. & A. 1904)*. Thereafter the Legislature enacted Chapter 231 of the Laws of 1912, Section 72 of which reads: "In case a new trial is granted it shall only be a new trial of the question or questions with respect to which the verdict or decision is found to be wrong, if separable." In *Moersdorf v. N. Y. Telephone Co., 84 N. J. L. 747 (E. & A. 1913)*, the court pointed out that *Peterson v. Traction Co., supra,* was decided prior to the enactment by the Legislature of the Practice Act of 1912, and in affirming a judgment against the defendant, New York Telephone Co. and reversing a judgment against the Hudson Telephone Co., both of whom were defendants, said: "The decision is wrong only with reference

to the ground of liability, if any, of the Hudson Telephone Company, and the scope of the new trial is in consequence limited by the Practice Act, 1912, to this question." In *Hagy v. Hafner*, 86 *N. J. L.* 502 (*Sup. Ct.* 1914), the court affirmed as to one of three defendants and reversed as to the others. The court held that the questions of liability of the different defendants were separable and that "separable" as used in Chapter 231, Laws of 1912, Section 72 meant "a distinct cause of action existing in the suit on which a separate and distinct action may be brought, and complete relief afforded as to such cause of action. In joint torts the plaintiff may proceed against the persons jointly liable in one action or against them separately, judgment against one, when satisfied, barring an action by the plaintiff against the other joint wrong doers. We think that the questions raised against the several defendants, in the present case, are separable and that this view is supported by the opinion delivered for the Court of Errors and Appeals in *Moersdorf v. New York Tel. Co., supra.*" Cf. *Felix v. Adelman*, 113 *N. J. L.* 445 (*E. & A.* 1934). The above cases settled the state of the law in this regard up until the adoption of the new rules of the court on September 15, 1948. The defendants, Central Greyhound Lines, Inc., and Francis Heasley argue that the effect of the adoption of the new rules work a repealer of Chapter 231, Laws of 1912, Section 72, and rely upon Article XI, Section IV, Paragraph 3 reading as follows:

"3. The Court of Errors and Appeals, the present Supreme Court, the Court of Chancery, the Prerogative Court and the Circuit Courts shall be abolished when the Judicial Article of this Constitution takes effect; and all their jurisdiction, functions, powers and duties shall be transferred to and divided between the new Supreme Court and the Superior Court according as jurisdiction is vested in each of them under this Constitution."

and Article XI, Section I, paragraph 3 reading as follows:

"3. All law, statutory and otherwise, all rules and regulations of administrative bodies and all rules of courts in force at the time this

Constitution or any Article thereof takes effect shall remain in full force until they expire or are superseded, altered or repealed by this Constitution or otherwise."

and urge that by virtue of the two constitutional provisions above quoted, since the former Supreme Court was abolished as of that date, that the rules of the former Supreme Court expired and were no longer of any effect. We do not agree. Article XI, Section I, Paragraph 3 provides that "All law, statutory and otherwise, .* * * and all rules of court in force at the time this Constitution or any Article thereof takes effect shall remain in full force until they expire or are superseded, altered or repealed by this Constitution or otherwise." Chapter 231 of the Laws of 1912 has never been expressly repealed either by the Constitution or by the Legislature, but it is strongly argued that the adoption of the rules of the new Supreme Court superseded, altered and repealed the rules of the former Supreme Court. An examination of the new rules discloses but a single rule having even a remote bearing on the question under consideration. We refer to *Rule* 3:59–1. It reads, so far as applicable: "A new trial may be granted to all or any of the parties and as to all or part of the issues upon motion made to the trial judge." The principle embodied in *Rule* 3:59–1 is essentially the same as that in Section 72, Chapter 231, Laws of 1912 and to turn back at this date to the state of the law as it was prior to 1912 would run counter to the philosophy behind the judicial features of the 1947 Constitution and the rules of the Supreme Court. In *Turck v. Kaywal Realty Co.*, 3 *N. J. Super.* 165 (*App. Div.* 1949), this court held that "the decisions of our courts with respect to nonsuits under the former practice are applicable here in determining whether the court erred in granting defendant's motion." It seems clear that there being no express repeal of Section 72, Chapter 231, Laws of 1912 and there being no rule in conflict with Section 72, the decisions of our courts construing Section 72 are applicable in the instant situation.

■ We conceive that an enlightened practice frowns upon depriving the plaintiff of the fruits of a judgment in a situation such as this where there has been entered a judgment against four defendants, as to two of whom there is no reversible error and as to the remaining two there is error going only to the liability and not as to the damages awarded.

The judgment is affirmed as to Central Greyhound Lines, Inc., and Francis Heasley and a new trial is allowed as to the liability, if any, of Fischer Baking Company and Hans Schirber. *Cf. Moersdorf v. N. Y. Telephone Co., supra,* as heretofore quoted. Since the error necessitating the reargument was that of the court, no costs are allowed.