11 N.J. Super. 215 (1951)
78 A.2d 297
HAROLD GINDIN, PLAINTIFF-APPELLANT,
v.
HERMAN BARON AND B. & B. PROVISION CO., A CORPORATION OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 2, 1951.
Decided January 10, 1951.
*217 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Lewis Winetsky argued the cause for the appellant.
Mr. Emanuel M. Ehrenkranz argued the cause for the respondents.
The opinion of the court was delivered by JAYNE, J.A.D.
In this civil action the plaintiff alleged that on March 14, 1949, in a store designated as No. 411 Clinton Avenue in the City of Newark, the defendant David Stein committed a willful and malicious assault and battery upon him. There were two other defendants, Herman Baron and the B. & B. Provision Company, a body corporate. A slight revision of the issues at the pretrial conference suggested that the defendant Baron was individually trading under the name of B. & B. Provision Company and that the corporation of that title was "dormant" and not engaged in the pursuit of its authorized business. The alleged liability of Baron individually and of the corporate defendant was based upon the doctrine of respondeat superior.
Upon motion on behalf of the defendants, the alleged causes of action against Baron and the corporation were dismissed *218 by the court. The jury announced a verdict in favor of the plaintiff against the defendant Stein with an award of $8,000 compensatory and $2,000 punitive damages. Judgment for $10,000 was entered accordingly in favor of the plaintiff against the defendant Stein and in favor of the other defendants.
By this appeal, the plaintiff-appellant challenges the propriety of the ruling of the trial judge in dismissing the action against the defendants Baron and the corporation, B. & B. Provision Company.
It is, of course, elementary that in passing upon a motion to direct a verdict and its present equivalent, just as in passing upon a motion for a nonsuit or for an involuntary dismissal, the evidence will not be weighed. The party against whom the motion is made is entitled to have all the evidence in his favor and all the legitimate inferences to be drawn therefrom treated as true. When fair minded men may honestly differ as to the conclusion to be reached from that evidence, controverted or uncontroverted, the case must be submitted to the jury. Dobrow v. Hertz, 125 N.J.L. 347 (E. & A. 1940).
We have therefore examined the transcript in quest of the evidence and its permissive inferences which are favorable to the alleged causes of action of the plaintiff against one or both of those defendants who were absolved by the court from liability.
We may immediately state that the evidence against the corporate defendant was indubitably insufficient and the dismissal of the action against it will be affirmed.
The evidence in support of the alleged cause of action against the defendant Baron is more substantial. It was productive of several reasonably acceptable inferences.
The plaintiff was in the employ of Hebrew Kosher Provision Co. The defendant Stein was in the employ of the defendant Baron, trading as B. & B. Provision Company. Their respective employers were business competitors. The plaintiff and Stein were each performing for their respective employers the duties of a route salesman.
*219 About two weeks prior to the occasion of the assault, Stein while operating the truck of his employer drew it alongside of the truck being driven by the plaintiff and said to the plaintiff: "If you don't stay away from my customers I am going to knock your block off." A week later the plaintiff in returning from Jersey City observed that Stein persisted in "trailing him," until the plaintiff stopped at a police station.
It might be logically inferred that the hostility between the two was not occasioned by any strictly personal animosity but rather by the competitive enterprises of their employers in which the plaintiff and Stein were respectively engaged.
On March 14, 1949, the plaintiff visited the store of Mr. and Mrs. Fisman on Clinton Avenue in Newark and was there waiting for the preparation of his order. Stein arrived in front of the store in a passenger automobile, in which the defendant Baron was an occupant. Stein immediately entered the store and proceeded at once to attack the plaintiff. He was subdued and a police officer forthwith directed both Stein and the plaintiff to enter the automobile. Upon entering the vehicle, Baron remarked to his employee, Stein: "It is a good thing you gave him a good beating, he won't bother our customers the next time," and to the plaintiff, "Now, you will stay away from my customers."
We contemplate the inferences that might have been legitimately deduced from those circumstances.
We conceive that the jury might have reasonably inferred from the remark of the employer Baron, so impulsively and spontaneously made, (1) that he had previous knowledge that the plaintiff was or was thought to be interfering with his customers; (2) that the object of Stein's coincidental arrival at the Clinton Avenue store in a passenger automobile accompanied by his employer was to subject the plaintiff to such physical punishment as to deter the plaintiff from thereafter approaching or soliciting Baron's customers; (3) that Baron was aware that the assault was perpetrated in the protection, if not promotion, of his own business interests; and (4) that consequently he commended his employee for his accomplishment and ratified his act.
*220 In Grossbart v. Samuel, 65 N.J.L. 543 (Sup. Ct. 1900), the employer was present at the assault and enthusiastically encouraged his employee with the exclamation: "Give it to him, give it to him, so he will keep his mouth shut." Cf. Wendelken v. New York, S. & W.R. Co., 88 N.J.L. 270 (E. & A. 1913). Here the employer, Baron, remained nearby and immediately proclaimed his commendation and approbation. In legal contemplation in such cases previous intent may be inferred from ratification. Haines v. Schultz, 50 N.J.L. 481 (Sup. Ct. 1888); Restatement, Agency, § 218, p. 480.
The primordial rule relative to the legal responsibility of the master for the willful tortious acts of the servant of this nature enunciated by Lord Kenyon in McManus v. Crickett, 1 East. 106, made the master's liability depend predominantly upon the moral quality of the act. That rule was abandoned both in England and in this country many years ago. The rule has been progressively enlarged until it may now be stated in accord with the prevailing authorities that the liability of the master for the willful and malicious tortious acts of the servant at present extends to every case where the act of the servant is committed with a view to the furtherance and discharge of his master's business and within the scope and limits of his employment. Holler v. P. Sanford Ross, 68 N.J.L. 324 (E. & A. 1902); Moore v. Camden and Trenton Railway Co., 74 N.J.L. 498 (E. & A. 1907); Smith v. Bosco, 126 N.J.L. 452 (E. & A. 1941).
In many cases the courts have ascribed significance to the motive of the servant. In the present case the jury might with reason have inferred that the sole motive activating Stein to commit the assault was to serve the welfare of his employer's business and his act in doing so was expressly ratified by his employer with the expectation of deriving from it an advantageous consequence in the pursuit of his business. 2 Am. Jur. 279, Agency, § 360.
Where the existence and scope of implied authority of an employee or the ratification of his act by the employer are disputed questions of fact, they are ordinarily issues for the *221 determination of the jury, except where the employee's departure from the master's business is of a marked and decided character. Cleaves v. Yeskel, 102 N.J.L. 621 (E. & A. 1926); Smith v. Bosco, supra.
The judgment in favor of the corporate defendant, B. & B. Provision Company, is affirmed. The judgment in favor of the defendant Baron is reversed and the cause of action against him returned to the Law Division for a trial de novo. Ferry v. Settle, 7 N.J. Super. 253 (App. Div. 1950).