16 N.J. Super. 531 (1951)
85 A.2d 11
NED MILLER, TO HIS OWN USE AND TO THE USE OF GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., AND GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., A CORPORATION, PLAINTIFFS,
v.
ATLANTIC CASUALTY INSURANCE CO., A CORPORATION, DEFENDANT. NED MILLER, TRADING AS MILLER TABLE PAD AND VENETIAN BLIND MANUFACTURING CO., PLAINTIFF,
v.
ATLANTIC CASUALTY INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 4, 1951.
*532 Mr. Joseph Coult, attorney for plaintiffs.
Messrs. Minard, Cooper, Gaffey & Webb (Mr. John J. Gaffey, of counsel), attorneys for plaintiff in district court action.
Messrs. Harkavy & Lieb (Mr. Abraham I. Harkavy, of counsel), attorneys for defendant.
DANIEL J. BRENNAN, J.S.C.
This is a motion on behalf of the defendant, Atlantic Casualty Insurance Company, for summary judgment pursuant to Rules 3:56-2 et seq. The attorneys for the movant inadvertently refer to Rules 3:51-2 *533 and 3:51-3 as their basis for so proceeding in their notice of motion now before this court.
The district court cause was removed to this court by order of this court entered on August 31, 1951, and consolidated for the purpose of trial with the then pending Superior Court proceeding.
Suit is predicated on an insurance policy issued by the defendant to one Louis Kalish or William Cohn, or either of them, under the terms of which it is asserted that the defendant agreed to defend any suit and to pay any judgment obtained against the said Louis Kalish and the said William Cohn, or either of them, or any person alleged to be responsible for the operation of a certain motor vehicle arising out of the ownership, maintenance, or use of the said automobile. The plaintiff alleges that on March 22, 1951, a final judgment was obtained against him, in connection with which he paid the sum of $8,580.10 in satisfaction thereof; that although requested to do so, the defendant refused and neglected to defend that action, as a result of which the plaintiff and the General Accident Fire and Life Assurance Corporation, Ltd., were required to and did defend the same.
The district court proceedings relate to the payment by the plaintiff of another judgment obtained against him which he contends the defendant, under its policy, should have paid, but failed and refused so to do.
The defendant in its answer admits the issuance of a policy of insurance to one Louis Kalish; admits that a final judgment was entered for the $8,580.10, "but leaves plaintiffs to their proof as to the form and substances of said judgment" and denies all other affirmative allegations set forth by the plaintiff. The answer contains seven separate defenses consisting of four typewritten pages. It will serve no useful purpose, presently, to particularize the same, other than to state that in the court's opinion the matters therein contained raise issues of fact which preclude a summary judgment as a matter of law. The briefs and oral arguments of respective *534 counsel indicate that there are genuine issues as to material facts challenged. The burden is on the movant for summary judgment to show the clear absence of any genuine issue of fact. Wittlin v. Giacalone, 154 Fed.2d 20, 21 (D.C. Cir. 1946).
It is now elementary that "the power to strike out a pleading as frivolous, sham or false, will not be exercised unless it appears to be clearly, palpably so. It is a power that has always been cautiously exercised." Louis Kamm, Inc., v. Flink, 113 N.J.L., at page 596 (E. & A. 1934). Our present appellate court, too, has indicated that "a motion for summary judgment under Rule 3:56 should be granted only with much caution," Mitchell v. Wrightstown Community Apartments, 4 N.J. Super., at page 326 (App. Div. 1949). Cf. Hodes v. Dunsky, 5 N.J. Super., at page 338 (App. Div. 1949). Where facts are disputed, summary judgment cannot be granted. Jersey Ins. Co. of N.Y. v. Altieri, 5 N.J. Super. 577 (Ch. Div. 1949). This rule of law was further enunciated in Mitchell v. Friedman, 7 N.J. Super. 253 (App. Div. 1950) in the following language: "To warrant the entry of summary judgment on the pleadings, it must appear that there are no facts pleaded and that no legal evidence can be produced at the trial on the issue raised in the pleadings which will establish the cause of action therein set forth. We think it clear that the complaint should not have been stricken."
It appearing that the facts here are controverted, and that the defendant is, for the reasons stated, not entitled to summary judgment, the motion is denied, without costs.