WILLIAM OKIN, APPELLANT, v. ESSEX SALES COMPANY, A CORPORATION, RESPONDENT.

WILLIAM KATZ, APPELLANT, v. ESSEX SALES COMPANY, A CORPORATION, RESPONDENT.

Submitted October 16, 1926—Decided January 31, 1927.

1. Proof of the defendant corporation's ownership of a motorcycle driven on a public highway, raises a presumption of fact that

such motorcycle was in the possession of the defendant through its servant or agent, the driver, and that such driver was acting within the scope of his employment. But both or either of these presumptions may be overcome by uncontradicted proof to the contrary; and if so overcome by uncontradicted proof that the motorcycle was not being used by the owner's servant or agent within the scope of his employment, then a motion for a direction of a verdict for the defendant owner will be granted.

2. Where the uncontradicted proof showed that the driver of defendant's motorcycle was directed by the defendant (his employer) to take a tool from the defendant's shop in Newark to a repair shop in Orange, to wait for it to be repaired, and bring it back to defendant's shop in Newark as soon as possible, and where the uncontradicted proof further showed that, after waiting a few minutes only, he departed from the repair shop without the tool about five minutes before the repairs were completed, and a few minutes later collided with an automobile more than a mile away, in West Orange, not in the direction of the defendant's shop, but in the opposite direction, where he had no business for the defendant, then the defendant is not liable to third parties for the results of the collision, and the direction of a verdict was proper.

On appeals from the Essex County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellants, *Aaron Marder.*

For the respondent, *McCarter & English (Augustus C. Studer, Jr.,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. These suits were tried together. The accident involved in both occurred at the corner of Northfield road and Gregory avenue, West Orange, on July 13th, 1925, about ten o'clock in the morning. The automobile, driven by the plaintiff Katz and owned by the plaintiff Okin, was proceeding east on Northfield road toward Newark, and was struck by a motorcycle going south on Gregory avenue, the motorcycle being owned by the defendant corporation.

At the conclusion of the case the trial court directed verdicts in favor of the defendant on the ground that it was

shown by uncontradicted proof that Martin, who at the time of the accident was driving the defendant's motorcycle, had departed from the instructions given him, so that the relation of master and servant did not exist at the time of the collision, sufficient to hold the defendant on the doctrine of *respondeat superior.*

The legal propriety of that ruling is the only question before the court on this appeal.

Our examination of the record satisfies us that the ruling was right.

Of course, proof of defendant corporation's ownership of a motorcycle driven on a public highway raises a presumption of fact that such motorcycle was in the possession of the defendant through its servant or agent, the driver, and that such driver was acting within the scope of his employment. But both or either of these presumptions may be overcome by uncontradicted proof to the contrary; and if so overcome by uncontradicted proof that the motorcycle was not being used by the owner's servant or agent within the scope of his employment, then a motion for a direction of a verdict for the defendant owner will be granted. *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149; *Mahan* v. *Walker,* 97 *Id.* 304; *Cronecker* v. *Hall,* 92 *Id.* 450; *Missell* v. *Hays,* 86 *Id.* 348; *Doran* v. *Thomsen,* 76 *Id.* 754.

Now, in the instant case, the record discloses that William Martin was operating the defendant's motorcycle when the accident happened, and as the result of the accident he was killed. But it further discloses without contradiction that at nine-fifteen on the morning in question, Martin was directed by David A. Depue, the president of the defendant company (his employer), to take a brake lining cutter from the company's place of business, 87 Halsey street, Newark, New Jersey, to Barone & Tordell, at Valley and Forest streets, Orange, New Jersey, to wait for the cutter to be repaired, and bring it back as soon as possible. It further shows, likewise without contradiction, that after waiting a few minutes only, he left Barone & Tordell's shop without the tool, about five minutes before the repair job was completed, and never returned, and that the place where the accident happened

was in *West Orange,* more than a mile from Barone & Tordell's shop and northwest of it, not in the direction of his employer's place of business, but in the opposite direction, where he had no business for his employer, the defendant.

As pointed out in *Cronecker* v. *Hall, supra,* a case in the Court of Errors and Appeals on all fours with this, in view of this uncontradicted proof that the driver of the motorcycle had disobeyed his employer's instructions, and deviated from the business he was directed to pursue, his use of the motorcycle was his own use, and the relation of master and servant was thereby terminated, and therefore the direction of a verdict was proper.

The judgments will be affirmed, with costs.