CHARLES W. VREELAND AND MARY H. VREELAND, PLAIN-TIFFS-APPELLANTS, v. WILKINSON, GADDIS & COMPANY, DEFENDANT-APPELLEE.

Submitted October 6, 1942—Decided December 16, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the appellants, *Emanuel Silberner*.

For the appellee, *John W. Taylor* (*John R. Kingsland*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. The question we are called upon to decide in

this case is whether the learned trial judge erred in directing a verdict in favor of the defendant.

The facts surrounding the occurrence of the accident are not, in the main, in dispute. The evidence shows that the female plaintiff, while walking in front of defendant's store with her husband, sustained injuries when she fell into a cellar opening flush with the sidewalk. The doors covering that opening were opened by one Nicholas P. Sellito, a scavenger engaged by defendant company to remove rubbish from its store. On motion, the learned trial judge directed a verdict in favor of the defendant because in his judgment there were no proofs on which the jury could have determined that Sellito was an agent, servant or employee of the defendant company. Plaintiffs reserved an exception to that ruling and brought the matter before us on appeal.

The issue thus presented is a narrow one. In view of the total absence of any proof that the work Sellito performed was in itself a "nuisance" or that defendant employed an "unskilled" or "improper person" as a contractor (see *Sarno* v. *Gulf Refining Co.,* 99 *N. J. L.* 340; 124 *Atl. Rep.* 145; *affirmed,* 102 *N. J. L.* 223; 130 *Atl. Rep.* 919; *Bush* v. *Margolis,* 102 *N. J. L.* 179; 130 *Atl. Rep.* 525; *Latronica* v. *Damergy,* 125 *N. J. L.* 323, 324; 15 *Atl. Rep.* (2d) 763), it remains for us to consider only whether there was, in the proofs submitted or in the inferences to be drawn therefrom, any evidence on which the jury could base a finding that Sellito was the agent, servant or employee of defendant. If there was such evidence the nonsuit was improper because of the familiar doctrine of *respondeat superior.* If on the other hand, there was no such evidence defendant could not legally be held responsible for plaintiffs' injuries and losses, and the nonsuit was proper.

The principles underlying the relationship of master and servant have many times been stated by our courts. That relationship is founded in the elements of "control, direction and representation in the services at hand." *Courtinard* v. *Gray Burial, &c., Co.,* 98 *N. J. L.* 493, 495; 121 *Atl. Rep.* 145; *Cuff* v. *Newark and New York Railroad Co.,* 35 *N. J. L.* 17; *affirmed, Id.* 574. Thus the relation is said to exist

where the employer directs the manner in which the work is done, orders how it should be done and where the party performing the work becomes the *alter ego* of the party for whom the particular work is done. *Courtinard* v. *Gray Burial &c., Co., supra, p.* 496, and cases there cited; *Collawn* v. 25 *North Harrison St. Corp.,* 11 *N. J. Mis. R.* 44, 47, 48; 165 *Atl. Rep.* 91.

In light of these principles, we turn to the proofs. We learn that at the time of the accident Sellito was a "private scavenger." He was paid the sum of $8 per month by defendant for his services in removing garbage and rubbish from this store. The rubbish was removed once daily and twice on Fridays and Saturdays. In addition to performing these services for defendant, Sellito did similar work "for other stores." At times, according to Sellito's testimony, the manager of defendant's store helped him in removing the rubbish, and told him "what to take out," "what to leave there" and "what way to take it."

We are satisfied upon our consideration of the proofs adduced and the principles involved that there was sufficient in the testimony to permit the cause to go to the jury. In view of these proofs, and even though they were contradicted, it was for the jury to ascertain the true facts and to determine whether defendant retained such control over Sellito and the manner of his work as to be considered his employer. Particularly is this so when, as here, we are required to accept as true all evidence which supports plaintiffs' claim and to give that evidence the benefit of all proper inferences to be drawn therefrom. *Lipschitz* v. *New York and New Jersey Produce Corp.,* 111 *N. J. L.* 392; 168 *Atl. Rep.* 390; *Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374; *Dobrow* v. *Hertz,* 125 *N. J. L.* 347; 15 *Atl. Rep.* (2d) 749; *Ellis* v. *Dowd,* 128 *N. J. L.* 607; 27 *Atl. Rep.* (2d) 869; *Weidenmueller* v. *Public Service Interstate Transport Co.,* 129 *N. J. L.* 279, this day decided.

Accordingly the judgment is reversed, and a *venire de novo* awarded. Costs to abide the event.