117 N.J. Super. 268 (1971)
284 A.2d 381
RUFUS SNELL, PLAINTIFF,
v.
THOMAS MURRAY AND THE CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 17, 1971.
*269 Mr. Robert A. Budd argued the cause for plaintiff (Messrs. Budd, Larner, Kent, Gross & Picillo, attorneys; Mr. Robert A. Budd, on the brief).
Mr. William Rossmoore, Assistant Corporation Counsel, argued the cause for defendants (William H. Walls, Corporation Counsel, attorney; Mr. William Rossmoore, on the brief).
TUMULTY, J.S.C.
Is the City of Newark liable for bullet wounds sustained by plaintiff gambler in a "friendly dice game" when confronted by a drunken Newark police officer who, with gun in hand, extorted the proceeds of the game? This novel question is presented by way of a motion for summary judgment made by defendant city. The test for determining the granting of a summary judgment motion is found in Judson v. People's Bank & Trust Co. of Westfield, 17 N.J. 67:
The standards of decision governing the grant or denial of a summary judgment emphasize that a party opposing a motion is not to be denied a trial unless the moving party sustains the burden of showing clearly the absence of a genuine issue of material fact. At *270 the same time, the standards are to be applied with discriminating care so as not to defeat a summary judgment if the movant is justly entitled to one.
Thus it is the movant's burden to exclude any reasonable doubt as to the existence of any genuine issue of material fact, 6 Moore's Federal Practice, par. 56.15(3). The phrasing of our rule, R.R. 4:58-3, slightly different from Federal Rule 56(c), underscores this in the requirement that the absence of undisputed material facts must appear `palpably.' All inferences of doubt are drawn against the movant in favor of the opponent of the motion. The papers supporting the motion are closely scrutinized and the opposing papers indulgently treated, Templeton v. Borough of Glen Rock, 11 N.J. Super. 1, 4 (App. Div. 1950). * * * (at 74-75)
The facts, as narrated by plaintiff, are:
A few friends of mine and myself were having a little friendly dice game when some time between 4:30 and 5:00 A.M. the door was banged open and I saw a man I knew as `Murray' standing in the doorway. He seemed a little high * * * I knew he was a policeman, he pulled his gun out and said `I'm Lieutenant Murray, don't nobody move,' then he threw his badge on the table. He told us to put all our money on the table. We did. He told Eddie Little that he had seen a ten dollar bill in his hand and that the bill had better be in his pile of money on the table. He leaned over the table, looking at us, and scooped up the money that was in front of each man except one fellow that said he didn't have any money. About this time the gun went off, I cried out that I was shot, and Murray said I wasn't shot. Murray took the money off the table, and there was a click after Murray pulled the gun.
The parties agree that Murray was indicted and pleaded guilty to charges that he unlawfully and corruptly did solicit, by color of his office, a fee or reward not allowed by the laws of the State of New Jersey for performing his duties. Upon this plea, sentence was suspended and Murray was placed on probation for three years. So ends Snell's saga of the "friendly dice game."
Now for a look at the law. Clearly, a municipality may be held liable for the negligent commission of an act by its agent, while acting within the scope of his employment under the theory of respondeat superior. McAndrew v. Mularchuk, 33 N.J. 172 (1960). McAndrew has been discussed in law review articles which nonetheless follow the *271 doctrine of respondeat superior in municipal tort area, as seen from the following excerpts:
* * * McAndrew v. Mularchuk concerned the negligent shooting of the plaintiff by a reserve policeman. The court held that `where negligent acts of commission form the basis of the claim against a municipal corporation,' liability will be determined `on general principles of respondeat superior.' * * * However, the case was to be criticized by at least one court which did not think it went far enough. ["Municipal Liability for Police Torts: An Analysis of a Strand of American Legal History," 17 U. of Miami L. Rev., 475 at 501, 502 (1967)]
Also see, Dakin, "Municipal Immunity in Police Torts," 16 Clev. Mar. L.R. 448 (1967):
In New Jersey a distinction was drawn between acts of omission and those of commission. In McAndrew v. Mularchuk, the Court held that negligent acts of commission could render the municipality liable under the doctrine of respondeat superior so that `complete immunity does not exist.' This was an action for injuries sustained by a minor child when he was struck by a bullet fired by a police officer who was attempting to `scare him off.' Therefore, in New Jersey a municipality would be liable for the torts of assault and battery committed by police officers, since these are definitely acts of `commission,' while for injuries resulting from acts of `omission' the municipality would not be rendered liable. This reasoning is not followed by any other state. [at 453]
Judge William C. Mathes and Assistant U.S. Attorney Robert T. Jones, in "Toward A `Scope of Official Duty' Immunity for Police Officers in Damage Actions," 53 Georgetown L.J. 889 (1965), call for legislation giving positive statutory protection to police officers acting within the scope of their authority, and to remove that protective shield when the officers abandon their duty. This would appear to be the case law of New Jersey today.
Other cases holding the municipality liable under the respondeat superior doctrine involve instances where the police officer was clearly acting within the cope of his employment, and while so acting, used reasonable force against the subject of an arrest. McCormick v. State of New York, 34 Misc.2d 806, 229 N.Y.S.2d 441 (Ct. Claims 1962); The *272 question of the reasonableness of the degree of force used in effecting an arrest is usually a question for the jury. Brown v. United States, 256 U.S. 335, 41 S.Ct. 501, 65 L.Ed. 961, 18 A.L.R. 1276 (1921).
Another appearance of the doctrine of respondeat superior for municipal liability is when an innocent bystander is injured by police officers acting within the scope of their employment. McAndrew v. Mularchuk, supra; Evans v. Berry, 262 N.Y. 61, 186 N.E. 203 (Ct. App. 1933), rev'g 236 App. Div. 334, 258 N.Y.S. 473 (App. Div. 1932). Recovery has also been awarded against a municipality for failure to properly train its agents. Peer v. Newark, 71 N.J. Super. 12 (App. Div. 1961), cert. den. 36 N.J. 300 (1962).
The doctrine of respondent superior is a maxim of common law founded upon a principle that a duty rests upon every man, in the management of his own affairs, whether by himself or his servant or agent, to conduct them in such a manner as to not cause injury to another, and if he fails to do so, he shall answer for damage. Poutre v. Saunders, 19 Wash.2d 561, 143 P.2d 554 (Super. Ct.). Likewise, under ordinary agency principles, if a police officer acts in the line of his duty and negligently causes injury, his employer  the municipal or state authority  should respond in damages. McAndrew v. Mularchuk, supra, Greenstone, "Liability of Police Officers for Misuse of Their Weapons," 16 Clev. Mar. L.R. 397 (1967):
So long as the officer is engaged in the general furtherance of his employers business, liability to the employer will attach regardless of a deviation from the `strict line of his duty.' [at 407]
In Turner v. American District Telegraph & Messenger Co., 94 Conn. 707, 110 A. 540 (Sup. Ct. Err., 1920) however, a night watchman, employed by a third party, was shot by a roundsman during an altercation which occurred when the roundsman was sent by his employer  the defendant  to investigate the watchman's failure to "ring in" at a signal box. The Connecticut Supreme Court of Errors, *273 in overturning the verdict and ordering a new trial, stated that the undisputed facts showed the roundsman had concluded his business and all that was remaining for him to do was return to the office of his employer. The court said:
In uttering the taunting language, and in all that followed Sullivan turned aside from the performance of the work committed to him by his employer to have a personal controversy of his own, entirely unrelated to his employer or his employer's interest, and in no conceivable way promotive of the latter's business. [at 110 A. 543]
If a servant or agent deviates from the business of his master or principal and, while in the pursuit of his own ends, commits a tort, the master or principal cannot be held liable for the damage inflicted. Shefts v. Free, 105 N.J.L. 577 (E. & A. 1929); Okin v. Essex Sales Co., 103 N.J.L. 217 (Sup. Ct. 1927), aff'd 104 N.J.L. 181 (E. & A. 1927); Son v. Hartford Ice Cream Co., 102 Conn. 696, 129 A. 778 (Sup. Ct. Err. 1925); Gindin v. Baron, 11 N.J. Super. 215 (App. Div. 1951), and King v Patrylow, 15 N.J. Super. 429 (App. Div. 1951). Relevant is Lord Kennyon's statement in Wright v. Wilcox, 19 Wend. 343, quoted in Isaacs v. Third Avenue R. Co., 47 N.Y. 122 (Ct. App. 1871):
* * * when a servant quits sight of the object for which he is employed, and, without having in view his master's orders, pursues that which his own malice suggests, he no longer acts in pursuance of the authority given.
Illustrative of the foregoing is City of Green Cove Springs v. Donaldson, 348 F.2d 197 (5 Cir. 1965), wherein a police officer raped a woman after giving her a traffic ticket. The essential element to be grasped is that once the officer has abandoned his duty and acted in furtherance of his own interest, then the doctrine of respondeat superior does not apply. Vreeland v. Wilkinson, Gaddis & Co., 129 N.J.L. 283 (Sup. Ct. 1942), held that a servant is the alter ego of his master, while acting in the furtherance of his *274 master's business. But when the servant acts in the furtherance of his own malice, he ceases to become the alter ego of his master and is, in fact, his own principal. It follows then, that Lieutenant Murray, by his gunpoint extortion, not only abandoned his duty, but betrayed his trust as a police officer in the same manner as the police officer who committed the rape. See City of Green Cove, supra.
Plaintiff seems to suggest in his brief that Murray's criminal activities are legalized because he was "on duty" in the sense that the Newark ordinance requires a policeman to be "always on duty," and that the extortion was legitimatized because performed during duty hours. This suggestion overlooks the basic issue that Murray abandoned his master-and-servant status when he betrayed his duties to further his own illegal ends, as the above cited cases hold.
Liability cannot be laid upon defendant city for negligently training Murray in the use of firearms, since Murray was clearly not acting within the scope of his authority, but rather was engaged in active misfeasance of any authority he may have had; and plaintiff Rufus Snell, was not an innocent bystander, but was actively engaged in the commission of a crime, viz., gaming in violation of N.J.S.A. 2A:112-1. Peer v. Newark, supra, is therefore not applicable. Lastly, the mere fact that the City of Newark entrusted Murray with a pistol would not impose liability for his tortious conduct in using it unless the city had knowledge that he had a propensity to such conduct which constitutes the basis for this action. Lancaster v. Canuel, 193 A.2d 555 (D.C. Cir. 1963). There was no allegation of knowledge of Murray's propensity to engage in such conduct, in either the pleadings or the oral arguments before this court. It plainly cannot be regarded as negligence to supply effective weapons to one engaged in police work. Turner v. American District Telegraph & Messenger Co., supra. Finally, this case does not sound in negligence against the city for failure to discipline its employees, among them Murray, since no allegation to this effect had *275 been set forth in the pleadings. In Thomas v. Johnson, 295 F. Supp. 1025 (D.C.D.C. 1968), plaintiff was injured by a police officer's baton, and the city was held liable in negligence for failure to discipline and in retaining a police officer whom they knew to be incompetent.
Considering the foregoing, the summary judgment motion of defendant City of Newark is granted with prejudice and without costs.
Prepare order.