121 N.J. Super. 215 (1972)
296 A.2d 538
RUFUS SNELL, PLAINTIFF-APPELLANT,
v.
THOMAS MURRAY AND THE CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1972.
Supplemental Material Submitted October 25, 1972.
Decided November 13, 1972.
*216 Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
Mr. Mark D. Larner argued the cause for appellant (Messrs. Budd, Larner, Kent, Gross & Picillo, attorneys; Nadine Taub, on the brief).
Mr. Leonard Rosenstein argued the cause for respondent City of Newark (Messrs. Feuerstein, Sachs & Maitlin, attorneys).
Messrs. Shanley & Fisher filed a brief amicus curiae (Mr. Richard E. Brennan, on the brief).
PER CURIAM.
We affirm, essentially for the reasons set forth in Judge Tumulty's reported opinion, 117 N.J. Super. 268, his conclusion that there was nothing in the proofs before him on defendant's motion for summary judgment to justify holding defendant city vicariously liable for the conduct of one of its police officials whose gun fired and injured plaintiff while the officer was committing an armed robbery or extortion of the participants  plaintiff among them  in a "friendly dice game."
We find no merit in the suggestion advanced in the amicus curiae brief that a city should be held absolutely liable for any injury caused by a policeman's handling of his revolver irrespective of whether or not the policeman was acting within the scope of his employment.
Further, the proofs furnished no support for plaintiff's contention that there existed a question of fact as to whether the officer was acting "within the scope of his employment"; palpably he was not.
Finally, we are satisfied that grant of summary judgment to defendant was not precluded by plaintiff's projected theory that recovery might be based on the city's own negligence *217 in failing to properly train the officer in the use of firearms. Cf. Peer v. Newark, 71 N.J. Super. 12 (App. Div. 1961), certif. den. 36 N.J. 300 (1962). There was nothing in the proofs on the motion to support the charge that the officer had not been properly trained and nothing to indicate that his alleged lack of training could have been a proximate cause of the incident resulting in injury to plaintiff. Obviously he knew and did not have to be told that his weapon was not to be used for the commission of an armed robbery or extortion.
The judgment is affirmed.