189 N.J. Super. 237 (1983)
459 A.2d 1198
PHILIP GOTTHELF AND PAULA GOODIS, PLAINTIFFS-APPELLANTS,
v.
PROPERTY MANAGEMENT SYSTEMS, INC. AND THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS,
v.
WINDOW SYSTEMS, DE VAC OF NEW JERSEY, INC., DE VAC OF MINNEAPOLIS, INC. AND BURNS INTERNATIONAL SECURITY SERVICES, INC. (IMPLEADED AS BURNS DETECTIVE AGENCY), THIRD-PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 19, 1983.
Decided May 6, 1983.
*238 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
Joel A. Drucker argued the cause for appellants.
Fred J. Theemling, Jr. argued the cause for respondents Property Management Systems, Inc. and Prudential Insurance Company of America (Peter J. Farabaugh, attorney; Fred J. Theemling of counsel and on the brief).
John J. Scanlon argued the cause for respondents Window Systems and De Vac of New Jersey, Inc. (Scanlon & Robinson, attorneys; Patrick A. Robinson on the statement in lieu of brief).
*239 Linda A. Palazzolo argued the cause for respondent De Vac of Minneapolis, Inc. (Connell, Foley & Geiser, attorneys; Linda A. Palazzolo of counsel and on the brief).
Ralph A. De Sevo argued the cause for respondent Burns International Security Systems, Inc. (De Sevo, Cerutti & Lombardi, attorneys; Ralph A. De Sevo of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Plaintiffs Philip Gotthelf and Paula Goodis appeal from a judgment of the Law Division in favor of all defendants and third-party defendants. The trial judge granted the motions for judgment in favor of defendants and third-party defendants Window Systems, De Vac of New Jersey, Inc. and De Vac of Minneapolis, Inc. at the conclusion of all the evidence and entered judgment in favor of defendant Property Management Systems, Inc. and The Prudential Insurance Company of America and third-party defendant Burns International Security Systems, Inc. on a molded jury verdict of no cause for action.
Plaintiffs seek a reversal of the judgment and a remand for a new trial, contending that the trial judge erred (1) in not applying the so-called "alternative liability" theory to their claims based on theft by agents or employees of defendants and third-party defendants and submitting that issue to the jury, and (2) in excluding from the jury proofs of prior and subsequent thefts in the apartment complex.
We are satisfied from our study of the record and the arguments presented that the evidence in support of the jury verdict is not insufficient and that all issues of law raised are clearly without merit. R. 2:11-3(e)(1)(B) and (E).
Liability cannot be visited upon these defendants and third-party defendants by reason of the alleged theft of plaintiffs' personal property by their agents or employees. It is a settled principle that an employer is liable for the acts of his servant only when those acts are within the servant's scope of *240 employment. E.g., Gilborges v. Wallace, 78 N.J. 342, 351 (1978); Gindin v. Baron, 11 N.J. Super. 215, 220 (App.Div. 1951); Prosser, Law of Torts (4 ed. 1971) § 70 at 460; 1 Restatement, Agency 2d, § 238 at 526 (1958). Plainly there are many interpretive questions inherent in defining the "scope of employment." In Prosser's words,
This highly indefinite phrase, which sometimes is varied with "in the course of the employment," is so devoid of meaning in itself that its very vagueness has been of value in permitting a desirable degree of flexibility in decisions. It is obviously no more than a bare formula to cover the unordered and unauthorized acts of the servant for which it is found to be expedient to charge the master with liability, as well as to exclude other acts for which it is not. It refers to those acts which are so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment. [Prosser, op. cit., § 70 at 460-461]
In Comm. Union Ins. Co. v. Burt Thomas-Aitken Constr. Co., 49 N.J. 389, 392, n. 1 (1967), our Supreme Court adopted the definition given at 1 Restatement, Agency 2d, § 228 at 504 (1958), that:
(1) Conduct of a servant is within the scope of employment if, but only if:
(a) it is of the kind he is employed to perform;
(b) it occurs substantially within the authorized time and space limits;
(c) it is actuated, at least in part, by a purpose to serve the master, and
(d) if force is intentionally used by the servant against another, the use is not unexpectable by the master.
(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.
Our courts have had no difficulty applying this rule to a crime committed by an employee for his own purposes. In Roth v. First Nat'l State Bank of N.J., 169 N.J. Super. 280 (App.Div. 1979), certif. den. 81 N.J. 338 (1979), plaintiff was robbed after he withdrew money from defendant bank by confederates of a bank teller who knew when the withdrawal was to take place. After a thorough review of the law in this area, Judge Conford concluded:
A fair consideration of the rationale of the scope-of-employment principle will not accommodate defendant's liability here. Not only was the employee's act outrageously criminal, and not in any sense in the service of the employer's interests, but she had no apparent connection with the effectuation of the *241 transactions by which plaintiff made his withdrawals of cash. Walker's knowledge was seemingly a mere matter of observation on her part. Finally, the tort itself, the "tip" to Morse, was not shown to have occurred within the time-space ambit of the employment. See 1 Restatement, Agency 2d, § 229(2)(b). In short, to use the language of Prosser, the "unordered and unauthorized acts" of the servant in this case are not such that it should be found, as between the plaintiff and the defendant, "expedient [as a matter of justice] to charge the master" with liability therefor. Prosser, Law of Torts, at 460 [at 287].
Similarly, in Snell v. Murray, 117 N.J. Super. 268 (Law Div. 1971), aff'd o.b. 121 N.J. Super. 215 (App.Div. 1972), the employee, a policeman, held up a dice game at gunpoint while intoxicated and took the players' money. In granting summary judgment to the employer, the judge said:
If a servant or agent deviates from the business of his master or principal and, while in the pursuit of his own ends, commits a tort, the master or principal cannot be held liable for the damage inflicted. Shefts v. Free, 105 N.J.L. 577 (E. & A. 1929); Okin v. Essex Sales Co., 103 N.J.L. 217 (Sup.Ct. 1927), aff'd 104 N.J.L. 181 (E. & A. 1927); Son v. Hartford Ice Cream Co., 102 Conn. 696, 129 A. 778 (Sup.Ct.Err. 1925); Gindin v. Baron, 11 N.J. Super. 215 (App.Div. 1951), and King v. Patrylow, 15 N.J. Super. 429 (App.Div. 1951). Relevant is Lord Kennyon's statement in Wright v. Wilcox, 19 Wend. 343, quoted in Isaacs v. Third Avenue R. Co., 47 N.Y. 122 (Ct.App. 1871):
* * * when a servant quits sight of the object for which he is employed, and, without having in view his master's orders, pursues that which his own malice suggests, he no longer acts in pursuance of the authority given.
Illustrative of the foregoing is City of Green Cove Springs v. Donaldson, 348 F.2d 197 (5 Cir. 1965), wherein a police officer raped a woman after giving her a traffic ticket. The essential element to be grasped is that once the officer has abandoned his duty and acted in furtherance of his own interest, then the doctrine of respondeat superior does not apply. Vreeland v. Wilkinson, Gaddis & Co., 129 N.J.L. 283 (Sup.Ct. 1942), held that a servant is the alter ego of his master, while acting in the furtherance of his master's business. But when the servant acts in the furtherance of his own malice, he ceases to become the alter ego of his master and is, in fact, his own principal. It follows, then, that Lieutenant Murray, by his gunpoint extortion, not only abandoned his duty, but betrayed his trust as a police officer in the same manner as the police officer who committed the rape. See City of Green Cove, supra. [117 N.J. Super. at 273-274]
Thus, if there was a theft committed by one of the defendants' or third-party defendants' employees, as plaintiffs claimed, the theft would unquestionably be outside the scope of that employee's employment, and the employer would not be liable for it. As said in Roth, supra, the theft would be "outrageously criminal" and "not in any sense in the service of the employer's *242 interest." Therefore, we hold that plaintiffs had no right of recovery against any of the defendants or third-party defendants for the loss allegedly occasioned by the theft on the cause of action grounded on the doctrine of respondeat superior.
The trial judge, therefore, properly granted the motion for judgment of third-party defendants Window Systems, De Vac of New Jersey, Inc. and De Vac of Minneapolis, Inc., and dismissed those counts of the complaint, amended complaint and second amended complaint grounded on theft of plaintiffs' property by employees of any of the parties, and submitted the case to the jury as to defendants Property Management Systems, Inc. and The Prudential Insurance Company of America and third-party defendant Burns International Security Services, Inc., solely on the theory of negligence.
Finally, we point out that even if we were to assume that plaintiffs' exhibits P-8 and P-9, concerning prior and subsequent claims of theft in the apartment complex, were properly admissible, the failure to admit these exhibits was harmless in view of the issues raised and proofs presented to the jury. In the context of this case, their exclusion was not "clearly capable of producing an unjust result." R. 2:10-2.
Affirmed.