214 N.J. Super. 670 (1986)
520 A.2d 844
ANN E. COSGROVE, ET AL. PLAINTIFF,
v.
H. DAVID LAWRENCE, STATE OF NEW JERSEY DEPT. OF AGENCIES AND INSTITUTIONS, COUNTY OF SOMERSET AND RICHARD HALL COMMUNITY HEALTH CENTER, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
Decided August 15, 1986.
*672 Bryan D. Garruto for plaintiff (Garruto, Galex & Cantor, attorneys).
William E. Voorhees, Jr. for defendant H. David Lawrence.
Michael S. Feldman for defendants County of Somerset and Richard Hall Mental Health Center (Ozzard, Rizzolo, Klein, Mauro, Savo & Hogan, attorneys).
ARNOLD, J.S.C.
On June 20, 1986 this court granted a motion for summary judgment brought by defendants County of Somerset and Richard Hall Community Mental Health Center dismissing plaintiff's complaint and defendant Lawrence's crossclaims against Somerset County and the community mental health center which alleged that these defendants were vicariously liable for defendant Lawrence's conduct under the doctrine of respondeat superior. On August 15, 1986, this Court granted the motions of plaintiff and defendant Lawrence for reconsideration pursuant to R. 4:50-1(f). This opinion supplements the court's oral decision.
The issue presented, whether the sexual relationship between a therapist and a patient falls within the scope of employment so as to subject the therapist's employer to vicarious liability, is one of first impression in New Jersey. The few courts which have considered the question have arrived at conflicting results. For the reasons expressed herein, this court finds that such conduct is not within the scope of employment so as to subject the employer to respondeat superior liability as a matter of law.
*673 Defendant, H. David Lawrence, was a social worker-therapist employed by defendants, County of Somerset and Richard Hall Community Mental Health Center. Plaintiff, Ann E. Cosgrove, was under his care and treatment from November 1978 to June 1983. A sexual relationship developed between therapist and patient in March 1982 and continued until the therapy ceased. The initial physical contact which led to the sexual relationship allegedly began as a method to relax plaintiff when she began to exhibit suicidal tendencies during a "depressive crisis."
The experts in this case basically agree that the sexual relationship began as a result, in part, of the mishandling of "transference," a universal psychotherapeutic phenomenon and that defendant Lawrence fell prey to a foreseeable occupational hazard. Defendant Lawrence asserts that he engaged in sexual relations for the purpose of therapy only and that he never looked forward to engaging in sexual relations with plaintiff. It is further asserted that plaintiff's specific personality disorder is the type which "lends itself to the kind of inappropriate sexual behavior" admitted to here. Plaintiff and defendant engaged in sexual intercourse, at numerous times and places, including defendant's office at the Richard Hall Community Health Center, defendant's home and public parks. It is conceded by all parties that this conduct is in violation of guidelines set forth in the code of ethics of the National Association of Social Workers.
The gravamen of plaintiff's complaint is that defendant Lawrence deviated from accepted standards of practice by seducing and violating her. Plaintiff alleges that the county and the mental health center are liable to her under the doctrine of respondeat superior. Plaintiff also alleges that the county and the health center are liable for the negligent hiring and supervision of defendant Lawrence. This court granted the motion for summary judgment brought by the county and the health center on the respondeat superior claims, holding that such conduct was not authorized, specifically prohibited and too little actuated by a purpose to serve the master. See Restatement, *674 Agency 2d, § 228 at 504 (1958). The claims based on negligent hiring and supervision of defendant Lawrence were not dismissed.
Plaintiff and defendant Lawrence assert that summary judgment is inappropriate because there is a fact question as to whether defendant Lawrence acted within the scope of his employment as he characterizes his actions as solely in pursuit of his employer's ends. They correctly point out that summary judgment should not be granted even if the evidence opposing the claimed fact is incredible, and that summary judgment is especially difficult to sustain where willfulness, intent or good faith are at issue. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75-76 (1975). See also Marley v. Palmyra Bor., 193 N.J. Super. 271 (Law Div. 1983) (issue of whether employee acted within scope of employment for jury).
The doctrine of respondeat superior renders an employer liable for the torts of an employee only when the latter was acting within the scope of his or her employment. DiCosala v. Kay, 91 N.J. 159 (1982). In Comm'l Union Ins. Co. v. Burt Thomas-Aitken Constr. Co., 49 N.J. 389, 392, n. 1 (1967), the New Jersey Supreme Court adopted the Restatement definition of "scope of employment." That definition is set forth in § 228 of Restatement, Agency 2d (1958) as follows:
(1) Conduct of a servant is within the scope of employment if, but only if:
(a) it is of the kind he is employed to perform;
(b) it occurs substantially within the authorized time and space limits;
(c) it is actuated, at least in part, by a purpose to serve the master, and
(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
(2) Conduct of a servant is not within the scope employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.
First, in order to fall within the scope of employment the conduct must be of the kind the employee is employed to perform. Defendant Lawrence argues that the holding in Marley v. Palmyra Bor., supra, precludes granting summary judgment in this case. In Marley, borough employees drew a check *675 to a contractor without first obtaining the approvals of the borough council and mayor. The failure to obtain such approvals violated both borough ordinances and New Jersey statutes. The court held that summary judgment was inappropriate relying on the definition of the phrase "in the course of employment" found in Prosser, Torts, § 70 (4 ed. 1971), which reads as follows:
This highly indefinite phrase which sometimes is varied with `in the course of employment', is so devoid of meaning in itself that its very vagueness has been of value in permitting a desirable degree of flexibility in decisions. It is obviously no more than a bare formula to cover the unordered and unauthorized acts of the servant for which it is found to be expedient to charge the master with liability, as well as to exclude other acts for which it is not. It refers to those acts which are so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment. [at 460-461]
In Marley, the conduct was the issuance of an unapproved check, whereas in the present case the conduct was the sexual intercourse between plaintiff and defendant. While the borough employees were employed to issue approved checks, defendant Lawrence was not employed to have sexual intercourse with patients. Under the Prosser definition relied upon by the court in Marley it cannot be said that the sexual intercourse was so fairly and reasonably incidental to the therapy that it may be regarded as a method of carrying out the objectives of the employment. Not only was such conduct prohibited by the employer, but it violated the guidelines set forth in the code of ethics of the National Association of Social Workers.
Plaintiff's reliance on Marston v. Minneapolis Clinic of Psychiatry, 329 N.W.2d 306 (Minn.Sup.Ct. 1983) is similarly misplaced. In Marston, plaintiffs sued for damages where defendant-doctor committed improper sexual contact during "biofeedback" therapy for relief of headaches. No sexual intercourse occurred and all sexual advances occurred during scheduled therapy sessions on the clinic premises. The court characterized the sexual contact as "unwelcomed" but not *676 "unconsented" to, although holding that the doctor did act intentionally to confer a personal benefit on himself. Id. at 310. In deciding that a fact question was presented for jury determination as to whether defendant's conduct was within the scope of employment the Supreme Court of Minnesota distinguished between intentional and negligent conduct, held that defendant's motivation to serve his master was irrelevant and that the conduct merely had to be "foreseeable, related to and connected with the acts otherwise within the scope of employment." Id. at 311. Significantly, under the Restatement definition of scope of employment adopted in New Jersey, motivation to serve the master is relevant and foreseeability plays no significant part in determining whether conduct is within the scope of employment. Furthermore, whether the conduct is intentional or negligent is generally irrelevant. Schultz v. Roman Catholic Archdiocese of Newark, 95 N.J. 530, 535, n. 1 (1984). Thus the decision in Marston is of no force in deciding the instant matter.
In Andrews v. United States, 548 F. Supp. 603 (D.S.C. 1982), aff'd 732 F.2d 366 (4 Cir.1984), plaintiff had received counselling for depression by defendant Gee, a physician's assistant. Under the guise of therapy, Gee engaged plaintiff in numerous sexual acts, including sexual intercourse, with her consent. In affirming the trial court, the Fourth Circuit concluded that Gee did not act within the scope of employment when he manipulated the physician-patient relationship so as to subject his employer to vicarious liability. 732 F.2d at 370. However, that court also observed that Gee did not maintain that the sexual advances were a bona fide part of therapy as he took the position that he never had sexual relations with plaintiff. Thus, the court concluded, it was clear that he was furthering his own self-interest. Ibid. Compare Hoover v. University of Chicago Hospitals, 51 Ill. App.3d 263, 9 Ill.Dec. 414, 366 N.E.2d 925 (App.Ct. 1975) (intentional sexual assault by doctor held not in furtherance of hospital's business); See generally 45 A.L.R.4th 289 (1986).
*677 The present case is distinguishable in both law and fact from these cases. It is undisputed that plaintiff and defendant engaged in what can only be characterized as a consensual sexual relationship over a period of approximately 15 months. Such conduct by Lawrence was prohibited by defendants County of Somerset and Richard Hall Mental Health Center and prohibited by the code of ethics of the National Association of Social Workers. Therefore, this court concludes that the conduct is not of the kind that Lawrence was employed to perform.
Second, under § 228 of Restatement, Agency 2d, supra, the conduct must occur substantially within authorized time and space limits in order to fall within the scope of employment. In Roth v. First National State Bank of New Jersey, 169 N.J. Super. 280 (App.Div. 1979), certif. den. 81 N.J. 338 (1979), a bank customer brought suit against defendant-bank for the loss of a large sum of money when he was robbed as he left the bank. There, an employee-teller had informed a friend about plaintiff's practice of withdrawing large sums of money on a regular basis, including a description of plaintiff and his car. Plaintiff was robbed as a result of this information. The Appellate Division affirmed the trial judge's finding that such conduct was not within the scope of employment as not only outrageous and unconnected with the employer's interest but also because it did not occur within the authorized time or space ambit. 169 N.J. Super. at 287. Similarly, in the present case plaintiff and defendant Lawrence engaged in sexual intercourse not only in Lawrence's office at the county operated mental health center, but in parks, and Lawrence's home. Such conduct off the mental health center's premises cannot be said to be within the authorized time and space limits as required by § 228 of Restatement, Agency 2d, supra.
Third, the conduct must be actuated, at least in part, by a purpose to serve the master. In Gibson v. Kennedy, 23 N.J. 150 (1957), the Court held that the evidence properly presented a jury question as to whether an assault and battery upon *678 plaintiff, during the course of an argument as to plaintiff's right to remain on defendant-employer's train, by an employee was in discharge of the employee's duties and in furtherance of the employer's specific orders. Despite the outrageous character of the act, that Court held that the employer may still be held chargeable "even though the employee's conduct is `imbecilic'." Id. at 158.
When the conduct is activated by a purpose to serve the master, the fact that the act is prohibited by the employer is not determinative of the issue. In Wright v. Globe Porcelain Co., 72 N.J. Super. 414 (App.Div. 1962), the court held that a fact question remained as to whether the employer could be held liable for the actions of an employee-laborer, employed to load a truck, who backed into plaintiff's automobile with a truck he was expressly prohibited from driving. The customary practice of loading a truck was to back it out and turn it around when it was half-full to continue loading. Id. at 417. See also Cucci v. Jaldini, 141 N.J. Super. 297 (App.Div. 1976); Nat'l Prem. Budget Plan Corp. v. Nat'l Fire Ins. Co., 97 N.J. Super. 149 (Law Div. 1967), aff'd 106 N.J. Super. 238 (App.Div. 1969).
In contrast, in Snell v. Murray, 117 N.J. Super. 268 (Law Div. 1971), aff'd 121 N.J. Super. 215 (App.Div. 1972), the court held by way of summary judgment that the City of Newark could not be held liable for plaintiff's bullet wounds sustained when a drunken police officer extorted gambling proceeds with his service revolver while on duty. That court analogized the case to City of Green Cove Springs v. Donaldson, 348 F.2d 197 (5 Cir.1965), where a police officer raped a woman after giving her a traffic ticket and noted that the "essential element to be grasped is that once the officer has abandoned his duty and acted in furtherance of his own interest, then the doctrine of respondeat superior does not apply." 117 N.J. Super. at 273. The court further stated that the officer "not only abandoned his duty, but betrayed his trust as a police officer." Id. at 274. See also Gotthelf v. Property Management Systems, *679 189 N.J. Super. 237 (App.Div. 1983) (Employee theft not within scope of employment).
In the present case, defendant Lawrence maintains that the sexual intercourse was a bona fide part of the therapy. This court finds, however, that under the undisputed facts he had betrayed his trust as a therapist and that his conduct was too little actuated by a purpose to serve his employer.
In conclusion, this court holds that defendant Lawrence's conduct is not within the scope of his employment because: it was not of the kind he was employed to perform but was different in kind from that authorized; it went far beyond authorized space limits, and was too little actuated by a purpose to serve the master.
Finally, plaintiff asserts as another basis for reconsideration of the dismissal of her vicarious liability claims that defendant Lawrence's care and treatment was substandard because he engaged in inappropriate relations with her, both sexual and nonsexual in nature, and that the mental health center is vicariously liable for such substandard care. An employer may be held responsible for the torts of an employee under three theories: respondeat superior, negligent entrustment, and negligent hiring and supervision. Henley v. Prince George's County, 60 Md. App. 24, 479 A.2d 1375 (1984), aff'd in part, rev'd in part 305 Md. 320, 503 A.2d 1333 (Sup.Ct. 1986). There is no claim of negligent entrustment here. Plaintiff does claim that defendant mental health center should be liable for negligent hiring and supervision and those claims have not been dismissed.
In DiCosala v. Kay, supra, the court recognized the tort of negligent hiring as a tort not dependent on principles of respondeat superior. 91 N.J. at 174. See also Sandvik v. Statewide Sec. Systems, 192 N.J. Super. 272, 276 (App.Div. 1983). Under respondeat superior an employer is responsible for only those acts commited within the scope of employment while negligent hiring covers acts outside the scope of employment *680 as well. Schultz v. Roman Catholic Archdiocese of Newark, supra, 95 N.J. at 534-535. Thus, once a determination is made that the act is not within the scope of employment, the action becomes one of negligent hiring and supervision.
The problem with plaintiff's assertion that the mixing of a social relationship and a professional relationship is substandard care in terms on sexual involvement and nonsexual involvement is that the two are inextricably bound in this case. This court is not limiting its holding to a finding that just the sexual conduct is beyond the scope of employment, but that this relationship is beyond the scope of defendant's employment. It is impossible to separate the two. To do so would be an arbitrary and unworkable solution. Compare Andrews v. United States, supra.
Accordingly, plaintiff's complaint and defendant Lawrence's crossclaims against Somerset County and the Richard Hall Community Health Center which allege that the latter are vicariously liable under the doctrine of respondeat superior are dismissed.