Rohan **BRIJALL**, Plaintiff,

v.

**HARRAH'S ATLANTIC CITY and Mamadi Camara**, Defendants.

Civil Action No. 11–06295 (JEI/JS).

United States District Court, D. New Jersey.

Nov. 20, 2012.

Mutchko & Sheppard, LLC by Jeff Sheppard, Esq., Absecon, NJ, for Plaintiff.

Camacho Mauro Mulholland, LLP by Christopher Mauro, Esq., Phillip Jared Odett, Esq., Princeton, NJ, for Harrah's Atlantic City.

## OPINION

IRENAS, Senior District Judge:

Plaintiff Rohan Brijall initiated this action against Defendants Harrah's Atlantic City ("Harrah's") and Mamadi Camara, a security guard at Harrah's, alleging that he was injured in a fight with Camara.[1] The Complaint asserts claims against Camara for assault and battery, and against Harrah's for assault and battery, negligent hiring, negligent supervision, and negligent training. Pending before the Court is Harrah's Motion for Summary Judgment as to all of Plaintiff's claims against Harrah's. For the reasons discussed below, Harrah's motion will be granted in part and denied in part.

## I.

On July 18, 2010, Plaintiff was a patron at Harrah's casino in Atlantic City. (Def.'s 56.1 Stat. ¶ 15, July 16, 2012.)[2] Camara was employed by Harrah's as a security guard. (Id. at ¶ 7.) Plaintiff was smoking in a non-smoking area and was approached by Camara, who told Plaintiff to put out his cigarette. (Id. at ¶ 16.) An argument followed, and Plaintiff was ultimately restrained on the ground by Camara and two other security guards. (Id. at ¶¶ 17–19.) Plaintiff alleges that while the security guards were attempting to restrain him, Camara stomped on Plaintiff's head and also hit Plaintiff in the head with his fist or radio. (Pl.'s Resp. ¶ 19, August 10, 2012.)[3] Harrah's concedes that Camara struck Plaintiff with his foot and either fist or radio, but asserts that Camara did not strike Plaintiff until Plaintiff was already restrained on the ground. (Def.'s 56.1 Stat. ¶ 19.) Camara was immediately suspended and ultimately terminated as a result of the fight with Plaintiff. (Id. at ¶ 20.)

Plaintiff initiated the instant litigation by filing his Complaint on December 28, 2010. Plaintiff named Harrah's and Camara as defendants, but Camara did not file an answer in this case and no attorney has made an appearance on his behalf. (Id. at ¶ 4.) Pending before the Court is Defendant Harrah's Motion for Summary Judgment.

## II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting

---

1. Subject matter jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332(a) and (c). This case was originally filed in New York Supreme Court, Bronx County and removed to the United States District Court for the Southern District of New York by Harrah's. The Southern District of New York transferred the case to this Court.

2. References to "Harrah's 56.1 Stat." are to Harrah's statement of undisputed material facts submitted in support of their Motion.

3. References to "Pl.'s Resp." are to Plaintiff's Certification of Jeff Sheppard, which accompanied Plaintiff's letter brief opposing Harrah's Motion for Summary Judgment and serves as Plaintiff's response to Harrah's Statement of Undisputed Facts.

Fed.R.Civ.P. 56(c)). In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines,* 794 F.2d 860, 864 (3d Cir.1986). The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the burden of establishing that no genuine issue of material fact remains. " 'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.' " *Conoshenti v. Public Serv. Elec. & Gas,* 364 F.3d 135, 145–46 (3d Cir.2004) (quoting *Celotex* ). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

A fact is material only if it will affect the outcome of a lawsuit under the applicable law, and a dispute of a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

### III.

#### A. *Negligent Hiring*

Plaintiff's Complaint alleges that Harrah's was negligent in its hiring of Ca-mara. (Compl. ¶ 19.) Specifically, Plaintiff alleges that Harrah's was negligent in the "hiring and continued employment" of Camara, in "failing to properly interview" Camara, in "failing to conduct proper background checks" of Camara, and in "hiring individuals with a propensity for violence." (*Id.*)

■ New Jersey courts "recognize the tort of negligent hiring, where the employer either knew or should have known that the employee was violent or aggressive, or that the employee might engage in injurious conduct toward third persons." *Davis v. Devereux Found.,* 209 N.J. 269, 292 (2012) (internal citations and quotations omitted). This tort has two fundamental requirements. *See Di Cosala v. Kay,* 91 N.J. 159, 173, 450 A.2d 508 (1982). First, the employer must have "kn[own] or had reason to know of the particular unfitness, incompetence or dangerous attributes of the employee and could reasonably have foreseen that such qualities created a risk of harm to other persons." *Id.* Second, "through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury." *Id.* at 174, 450 A.2d 508.

■ Harrah's argues that Plaintiff has produced no evidence from which a reasonable jury could conclude Harrah's either knew or should have known of Camara's unfitness, incompetence or dangerous attributes. (Def.'s Br. 5, July 16, 2012)[4] Plaintiff agrees that Camara's "lack of criminal history and a fairly uneventful work history would not support a claim of negligent hiring." (Pl.'s Letter Opp'n., August 10, 2012.)[5] Therefore, Harrah's

---

**4.** Citations in this form refer to Harrah's Brief in Support of Defendant Harrah's Motion for Summary Judgment.

**5.** Citations in this form refer to Plaintiff's letter brief in opposition to Harrah's motion for summary judgment.

motion for summary judgment is granted as to Plaintiff's negligent hiring claim.

## B. *Negligent Supervision*

■ The tort of negligent supervision recognizes that "[e]mployers have a duty to supervise employees, and liability may be imposed if an employer fails to perform that duty." *See Sullivan v. Marina Dist. Dev. Co.*, No. 10–4204, 2012 WL 993417, at *3 (D.N.J. March 23, 2012). To sustain such a claim, "Plaintiff must show a dispute of material fact concerning whether Defendant should have reasonably foreseen that its employees would injure a customer during the performance of their duties." *Id.*

■ In this case, Plaintiff has put forth no evidence showing that Harrah's reasonably should have foreseen that Camara would injure a customer while performing his duties. In fact, in conceding that he does not have enough evidence to support his negligent hiring claim, Plaintiff admits that Camara had a "lack of criminal history and a fairly uneventful work history." (Pl.'s Letter Opp'n.) However, Plaintiff does not concede his negligent supervision claim because he argues that the jury can watch surveillance footage of the incident to determine whether or not Camara's actions are those of someone who was reasonably supervised. (Pl.'s Letter Opp'n.) However, absent any evidence that the actions of Camara which are shown in the video were foreseeable, the footage alone does not create a genuine issue of material fact. *See Sullivan*, 2012 WL 993417, at *3. Therefore, Harrah's motion is granted as to Plaintiff's negligent supervision claim.

## C. *Negligent Training*

■ The tort of negligent training has four elements in New Jersey. *See Stroby v. Egg Harbor Twp.*, 754 F.Supp.2d 716, 721 (D.N.J.2010). Specifically, a plaintiff must show that (1) the defendant owed a duty of care to the plaintiff to properly train its employees, (2) defendant breached that duty of care, (3) defendant's breach was the proximate cause of plaintiff's injury, and (4) defendant's breach caused actual damages to plaintiff. *Id.* Additionally, as in all negligence cases, "[f]oresight, not hindsight, is the standard by which one's duty of care is to be judged." *See Hill v. Yaskin*, 75 N.J. 139, 144, 380 A.2d 1107 (1977) (quoting 57 Am.Jur.2d Negligence, § 58 (1970)).

■ Plaintiff in this case has not put forth sufficient evidence of breach from which a reasonable jury could conclude that Harrah's was negligent in its training of Camara. Plaintiff has not provided any details about Harrah's training policy, or pointed to any aspects he finds deficient; Plaintiff has not deposed any witnesses to gather information about how security guards at Harrah's are trained in practice; and Plaintiff has not put forth any expert testimony as to how security guards should properly be trained. As with the negligent supervision claim, Plaintiff's sole evidence of negligent training is surveillance footage from which he argues a jury can determine if Camara was properly trained. (Pl.'s Letter Opp'n.) However, absent any evidence as to what Harrah's training policies were and how they failed to consider the type of injury that occurred in this case, the video evidence is purely an example of hindsight being used as the standard to measure Harrah's duty of care. *See Hill*, 75 N.J. at 144, 380 A.2d 1107. No reasonable jury could conclude on the basis of such evidence that Harrah's breached its duty of care. Therefore, Defendant's Motion for Summary Judgment is granted as to Plaintiff's negligent training claim.

## D. *Assault and Battery*

■ Lastly, Plaintiff's Complaint alleges that Harrah's is liable for Camara's assault

and battery of Plaintiff. Under the doctrine of *respondeat superior* an employer is liable for the torts of his employees which are committed within the scope of their employment. *See Di Cosala*, 91 N.J. at 168–69, 450 A.2d 508. Courts consider four factors when determining if an employee's conduct is within the scope of his employment. *See Davis*, 209 N.J. at 303, 37 A.3d 469. These factors are (1) whether the act is of a kind the employee is employed to perform; (2) whether the act occurs substantially within the authorized time limits; (3) whether the act is actuated, at least in part, by a purpose to serve the master; and (4) if force is intentionally used by the servant against another, whether the use of force is not unexpectable by the master. *Id.* (citing *Restatement (Second) of Agency § 228 (1958)*).

Generally, intentional torts do not fall within the scope of employment. *See Davis*, 209 N.J. at 303, 37 A.3d 469. However, New Jersey courts "have found employees' acts to be within the scope of their employment when their attempts to enforce their employer's rules instigated violence." The New Jersey Supreme Court summarized the common fact patterns of cases reaching such a result in *Davis*, stating:

> The facts of these cases fit a common pattern. In each, the employee's responsibilities include enforcement of the employer's rules. The employee's attempt to compel compliance with those rules was met with resistance and provoked a physical altercation. The courts attribute the conduct, in whole or in part, to the starting point of each incident: the employee's attempt to serve the employer. Accordingly, the employer was potentially liable under principles of respondeat superior.

*Id.* at 305, 37 A.3d 469.

For example, in *Schisano v. Brickseal Refractory Co.*, an employee was responsible for keeping unauthorized cars out of his employer's private parking lot. 62 N.J.Super. 269, 271, 162 A.2d 904 (N.J.Super.Ct.App.Div.1960). A fight ensued after the employee asked a man who had parked his car in the lot to move his car. *Id.* at 271–72, 162 A.2d 904. The employer argued that the fight was beyond the scope of employment because the employee was either acting in self-defense or on the basis of a personal dispute. *Id.* at 273–74, 162 A.2d 904. However, the Superior Court of New Jersey, Appellate Division, held that "[w]hile the blow struck by [the employee] may have been in his personal defense . . . it may also have been [the employee's] way of giving emphasis to the instructions given [to the man] to remove his vehicle." *Id.* at 275, 162 A.2d 904. Therefore, "the affair certainly was related to his employment and a jury question was presented as to whether the act was in furtherance and discharge of defendant's business and within the scope and limits of [the employee's] employment." *Id.; see also Gibson v. Kennedy*, 23 N.J. 150, 128 A.2d 480 (1957) (holding that a reasonable jury could find that a railroad conductor who was in charge of a train was acting within the scope of employment when he fought with a man he believed was unauthorized to ride the train and repeatedly struck the man with a lantern); *Mason v. Sportsman's Pub*, 305 N.J.Super. 482, 702 A.2d 1301 (N.J.Super.Ct.App.Div.1997) (holding that a bouncer was acting within the scope of his employment when his attempt to eject a patron from the bar led to a fistfight).

In the instant case, Harrah's argues that Camara was not acting within the scope of his employment because Camara's job as a security guard only authorized him to use physical force defensively. (Def.'s Br. 10.) Harrah's further argues that Camara only struck Plaintiff after

Plaintiff was already successfully restrained by other security guards. (Def.'s Br. 10.) Therefore, Camara's assault and battery of Plaintiff was offensive and excessive, in direct violation of Harrah's training and instructions. (Def.'s Br. 10.) In support of this argument, Harrah's points to its security training policies which state that "[s]ecurity representatives may use force for the purpose of protecting themselves or other persons against the unlawful force by other persons if there is reason to believe such force is immediately necessary." (Def.'s Br. Ex. H.) Plaintiff disputes Harrah's description of the altercation, arguing that Camara struck Plaintiff while restraining Plaintiff. (Pl.'s Resp. ¶ 19.)

Regardless of which version of the facts the Court accepts as true, a genuine issue of material fact remains as to whether Camara was acting within the scope of his employment when he struck Plaintiff. The facts of this case are nearly identical to the fact pattern outlined in *Davis*. Camara's responsibilities as a security guard include enforcement of Harrah's rules. His attempt to compel compliance with these rules by asking Plaintiff to stop smoking provoked a physical altercation, and the starting point of the physical altercation was Camara's attempt to serve the employer by asking Plaintiff to stop smoking. Therefore, as in *Schisano,* the fight "was certainly related to" Camara's employment and a jury question is presented as to whether the act was within the scope of Camara's employment. *See* 62 N.J.Super. at 275, 162 A.2d 904. Moreover, whether Camara's actions are characterized as offensive or defensive does not change this result because "when the conduct is activated by a purpose to serve the master, the fact that the act is prohibited by the employer is not determinative of the issue" of whether the act was within the scope of employment. *Cosgrove v. Lawrence,* 214 N.J.Super. 670, 678, 520 A.2d 844 (1986).

Therefore, Harrah's Motion for Summary Judgment is denied as to Plaintiff's *respondeat superior* claim.

## IV.

For the foregoing reasons, Defendant's Motion for Summary Judgment is hereby granted in part and denied in part. An appropriate Order will accompany this Opinion.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 17)

This matter having appeared before the Court upon Defendant Harrah's Motion for Summary Judgment (Dkt. No. 17), the Court having considered the submissions of the parties, and for good cause appearing;

**IT IS** on this 20th day of November, 2012,

**ORDERED THAT:**

(1) Defendant Harrah's Motion for Summary Judgment (Dkt. No. 17) is hereby **GRANTED** as to Plaintiff's negligent hiring, negligent supervision and negligent training claims.

(2) Defendant Harrah's Motion for Summary Judgment (Dkt. No. 17) is hereby **DENIED** as to Plaintiff's *respondeat superior* claim.